## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:11-cv-00174-JRG |
| | ) | |
| v. | ) | |
| | ) | HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) | |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Charles E. Hill & Associates, Inc., ("Hill") files this Amended Complaint for Patent Infringement against the following defendants: 1-800 Flowers.com, Inc.; Follett Corporation; Follett Higher Education Group; Lowe's Home Centers, Inc.; Mason Companies, Inc.; Neiman Marcus, Inc.; Office Depot, Inc.; Ritz Interactive, Inc.; Scholastic Corporation; Sony Corporation of America; Staples, Inc.; and The Children's Place Retail Stores, Inc. (collectively, "Defendants").

# I. THE PARTIES

1. Hill is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657. Hill's mailing address is P.O. Box 1007, Jefferson, Texas, 75657-1007.

2. 1-800 Flowers.com, Inc. ("1-800 Flowers") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at One Old Country Road, Suite 500, Carle Place, New York, 11514. Hill properly and timely served copies of its original Complaint for Patent Infringement (ECF No. 1, Mar. 15, 2011) ("Original Complaint") and a summons on 1-800 Flowers, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of 1-800 Flowers' registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. *See* ECF No. 14, Mar. 31, 2011.

3. Although Abt Electronics, Inc. ("Abt") remains identified in the caption, above, Abt is no longer a party to this action. *See* ECF No. 148, Feb. 9, 2012.

4. Follett Corporation ("Follett") is a corporation organized and existing under the laws of the State of Illinois and, upon information and belief, maintains a principal place of business at 2233 West Street, River Grove, Illinois, 60171. Hill properly and timely served copies of its Original Complaint and a summons on Follett, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Follett's registered agent in Illinois: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604. *See* ECF No. 17, Mar. 31, 2011.

5. Follett Higher Education Group, Inc. ("Follett Higher Education") is a corporation organized and existing under the laws of the State of Illinois and, upon information and belief, maintains a principal place of business at 2233 West Street, River Grove, Illinois, 60171. Hill

properly and timely served copies of its Original Complaint and a summons on Follett Higher Education, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Follett Higher Education's registered agent in Illinois: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604.  *See* ECF No. 17, Mar. 31, 2011.

6. Lowe's Companies, Inc. ("Lowe's") is a corporation organized and existing under the laws of the State of North Carolina and, upon information and belief, maintains a principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina, 28117. Hill properly and timely served copies of its Original Complaint and a summons on Lowe's, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Lowe's registered agent in North Carolina: Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina, 27603. *See* ECF No. 10, Mar. 24, 2011. (The foregoing allegations apply to Lowe's Companies, Inc., which was named as a defendant in Hill's Original Complaint and was subsequently properly and timely served with the Original Complaint. *See id.* Pursuant to the Court's Order of June 1, 2011 (ECF No. 81), Lowe's Home Centers, Inc. has been substituted as a defendant in this case in place of Lowe's Companies, Inc. Lowe's Home Centers, Inc. answered the Original Complaint (ECF No. 73, May 23, 2011). Therefore, the abbreviation "Lowe's," wherever used herein going forward, shall apply and refer to Lowe's Home Centers, Inc.)

7. Mason Companies, Inc. ("Mason") is a corporation organized and existing under the laws of the State of Wisconsin and, upon information and belief, maintains a principal place of business at 1251 First Avenue, Chippewa Falls, Wisconsin, 54729. Hill properly and timely served copies of its Original Complaint and a summons on Mason, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Mason's registered agent in Wisconsin: Daniel J. Hunt, 1251 First Avenue, Chippewa Falls, Wisconsin, 54729. *See* ECF No. 8, Mar. 24, 2011.

8. Neiman Marcus, Inc. ("Neiman Marcus") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 1618 Main Street, Dallas, Texas, 75201. Hill properly and timely served copies of its Original Complaint and a summons on Neiman Marcus, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Neiman Marcus's registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. *See* ECF No. 16, Mar. 31, 2011.

9. Office Depot, Inc. ("Office Depot") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 6600 North Military Trail; Boca Raton, Florida, 33496. Hill properly and timely served copies of its Original Complaint and a summons on Office Depot, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Office Depot's registered agent in Delaware: Corporate Creations Network Inc., 3411 Silverside Road, Rodney Building #104, Wilmington, Delaware, 19810. *See* ECF No. 31, Apr. 15, 2011.

10. Ritz Interactive, Inc. ("Ritz Interactive") is a corporation duly organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 2010 Main Street, Suite 500, Irvine, California, 92614. Hill properly and timely served copies of its Original Complaint and a summons on Ritz Interactive, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Ritz Interactive's registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. *See* ECF No. 15, Mar. 31, 2011.

11. Scholastic Corporation ("Scholastic") is a corporation duly organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal

place of business at 557 Broadway, New York, New York, 10012. Hill properly and timely served copies of its Original Complaint and a summons on Scholastic, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Scholastic's registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. *See* ECF No. 16, Mar. 31, 2011.

12. Sony Corporation of America ("Sony") is a corporation duly organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 550 Madison Avenue, 27th Floor, New York, New York, 10022. Hill properly and timely served copies of its Original Complaint and a summons on Sony, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Sony's registered agent in Delaware: Corporation Service Company, 80 State Street, Albany, New York, 12207-2543. *See* ECF No. 9, Mar. 24, 2011.

13. Staples, Inc. ("Staples") is a corporation duly organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 500 Staples Drive, Framingham, Massachusetts, 01702. Hill properly and timely served copies of its Original Complaint and a summons on Staples, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Staple's registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. *See* ECF No. 16, Mar. 31, 2011.

14. The Children's Place, Inc. ("TCP") is a corporation duly organized and existing under the laws of the State of Delaware and, upon information and belief, maintains a principal place of business at 500 Plaza Drive, Secaucus, New Jersey, 07094. Hill properly and timely served copies of its Original Complaint and a summons on TCP, pursuant to FED. R. CIV. P. 4

BDDB01 9077286v1

and Local Rule CV-4, at the address of TCP's registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801. *See* ECF No. 32, Apr. 15, 2011. (The foregoing allegations apply to The Children's Place, Inc., which was named as a defendant in Hill's Original Complaint and was subsequently properly and timely served with the Original Complaint. *See id.* Pursuant to the Court's Order of May 23, 2011 (ECF No. 60), The Children's Place Retail Stores, Inc. has been substituted as a defendant in this case in place of The Children's Place, Inc. The Children's Place Retail Stores, Inc. answered the Original Complaint (ECF No. 74, May 23, 2011). Therefore, the abbreviation "TCP," wherever used herein going forward, shall apply and refer to The Children's Place Retail Stores, Inc.)

## II. JURISDICTION AND VENUE

15. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–14, *supra*.

16. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over each of the Defendants. Each of the Defendants has conducted, and does conduct, business within the State of Texas and the Eastern District of Texas. As set forth in paragraphs 19–62, *infra*, each of the Defendants operates one or more electronic catalogs that are accessible from within the State of Texas and the Eastern District of Texas and that infringe one or more claims of patents owned by Hill. As further set forth in paragraphs 19–62, *infra*, on information and belief, each of the Defendants has contributed to and induced acts of infringement within the State of Texas and the Eastern District of Texas. Further, on information and belief, each of the Defendants, directly, or through

-6-

intermediaries (including distributors, dealers, resellers, and others), ships, distributes, offers for sale, sells, and advertises its products and/or services in the United States, including within the State of Texas and the Eastern District of Texas. Each of the Defendants has committed the tort of patent infringement within the State of Texas and the Eastern District of Texas.

18. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### III. PATENT INFRINGEMENT

19. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–18, *supra*.

20. Hill owns all of the rights and interests in United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent"). True and accurate copies of the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent, and the '176 Patent are attached as Exhibits A, B, C, D, and E, respectively, to Hill's Original Complaint.

21. Each of the Defendants is in the business of selling products over the Internet.

22. Each of the Defendants provides product information, offers products for sale, and, upon information and belief, sells products, over the Internet.

23. Each of the Defendants operates one or more electronic catalogs, including, but not limited to, one or more websites, that display product information. Defendants operate their respective electronic catalogs alone and/or in conjunction with various agents and/or contractors. Defendants' respective electronic catalogs operate, and/or have operated, using at least server hardware and software, such as, for example, IBM Server software or Apache HTTP Server software.

24. Defendants' respective electronic catalogs are accessible using hardware, such as, for example, a personal computer, equipped to run software such as, for example, browser software. Defendants' respective electronic catalogs are accessible by Defendants' respective employees, agents, and contractors, as well as by Defendants' respective actual and prospective customers, from within the State of Texas and the Eastern District of Texas and, upon information and belief, all other U.S. federal judicial districts and states.

A.  **Infringement of the '490 Patent**

25. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–24, *supra*.

26. The '490 Patent was duly and legally issued by the United States Patent and Trademark Office on June 18, 1996 after full and fair examination.

27. The '490 Patent relates to an electronic catalog system and method for, among other things, producing information related to a selected product on a remote computer.

28. The following defendants are infringing the '490 Patent: 1-800 Flowers; Follett; Follett Higher Education; Lowe's; Mason; Neiman Marcus; Office Depot; Ritz Interactive; Scholastic; Sony; Staples; and TCP (hereinafter referred to collectively as "the '490 Defendants"). Each of the '490 Defendants is infringing the '490 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '490 Patent.

29. Each of the '490 Defendants is infringing the '490 Patent literally and/or under the doctrine of equivalents.

BDDB01 9077286v1

30. Each of the '490 Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '490 Patent by others, including, but not limited to, the '490 Defendants' respective agents, contractors, and actual and prospective customers who access the '490 Defendants' respective electronic catalogs (collectively, "Third Parties").

31. Upon information and belief, the other entities with whom each of the '490 Defendants is jointly infringing the '490 Patent include, but are not limited to, the '490 Defendants' respective Third Parties. Upon information and belief, each of the '490 Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '490 Patent, and, as such, is liable for the infringements of the '490 Patent that result from those activities alone or in combination with certain activities of the '490 Defendants, which activities also constitute one or more steps claimed in the '490 Patent; specifically, to the extent that each of the '490 Defendants does not individually perform each and every step of one or more of the methods claimed in the '490 Patent, then, upon information and belief, the '490 Defendants' respective Third Parties perform the remaining claim steps under the '490 Defendants' direction and/or control such that the combination of the activities of each '490 Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '490 Patent.

**B. Infringement of the '649 Patent**

32. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–31, *supra*.

33. The '649 Patent was duly and legally issued by the United States Patent and Trademark Office on June 2, 1998 after full and fair examination.

34. The '649 Patent relates to a method for updating a remote computer as a means of storing product data.

35. The following defendants are infringing the '649 Patent: 1-800 Flowers; Follett; Follett Higher Education; Lowe's; Mason; Neiman Marcus; Office Depot; Ritz Interactive; Scholastic; Sony; Staples; and TCP (hereinafter referred to collectively as "the '649 Defendants"). Each of the '649 Defendants is infringing the '649 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '649 Patent.

36. Each of the '649 Defendants is infringing the '649 Patent literally and/or under the doctrine of equivalents.

37. Each of the '649 Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '649 Patent by others, including, but not limited to, the '649 Defendants' respective agents, contractors, and actual and prospective customers who access the '649 Defendants' respective electronic catalogs (collectively, "Third Parties").

38. Upon information and belief, the other entities with whom each of the '649 Defendants is jointly infringing the '649 Patent include, but are not limited to, the '649 Defendants' respective Third Parties. Upon information and belief, each of the '649 Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '649 Patent, and, as such, is liable for the infringements of the '649 Patent that result from those activities alone or in combination with certain activities of the '649 Defendants, which activities also constitute one or more steps claimed in the '649 Patent; specifically, to the extent that each of the '649 Defendants does not individually perform each and every step of one or more of the methods claimed in the '649 Patent, then, upon information

and belief, the '649 Defendants' respective Third Parties perform the remaining claim steps under the '649 Defendants' direction and/or control such that the combination of the activities of each '649 Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '649 Patent.

C. **Infringement of the '142 Patent**

39. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–38, *supra*.

40. The '142 Patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2000 after full and fair examination.

41. The '142 Patent relates to an electronic catalog system and method to, among other things, display product information data.

42. The following defendants are infringing the '142 Patent: 1-800 Flowers; Follett; Follett Higher Education; Lowe's; Mason; Neiman Marcus; Office Depot; Ritz Interactive; Scholastic; Sony; Staples; and TCP (hereinafter referred to collectively as "the '142 Defendants"). Each of the '142 Defendants is infringing the '142 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '142 Patent.

43. Each of the '142 Defendants is infringing the '142 Patent literally and/or under the doctrine of equivalents.

44. Each of the '142 Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '142 Patent by others, including, but not limited to,

the '142 Defendants' respective agents, contractors, and actual and prospective customers who access the '142 Defendants' respective electronic catalogs (collectively, "Third Parties").

45. Upon information and belief, the other entities with whom each of the '142 Defendants is jointly infringing the '142 Patent include, but are not limited to, the '142 Defendants' respective Third Parties. Upon information and belief, each of the '142 Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '142 Patent, and, as such, is liable for the infringements of the '142 Patent that result from those activities alone or in combination with certain activities of the '142 Defendants, which activities also constitute one or more steps claimed in the '142 Patent; specifically, to the extent that each of the '142 Defendants does not individually perform each and every step of one or more of the methods claimed in the '142 Patent, then, upon information and belief, the '142 Defendants' respective Third Parties perform the remaining claim steps under the '142 Defendants' direction and/or control such that the combination of the activities of each '142 Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '142 Patent.

**D.** **Infringement of the '173 Patent**

46. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–45, *supra*.

47. The '173 Patent was duly and legally issued by the United States Patent and Trademark Office on March 15, 2011 after full and fair examination.

48. The '173 Patent relates to an electronic catalog system and method to, among other things, display and compare product information data.

49. The following defendants are infringing the '173 Patent: Lowe's, Office Depot, Sony, Staples, and TCP (hereinafter referred to collectively as "the '173 Defendants"). Each of

-12-
BDDB01 9077286v1

the '173 Defendants is infringing the '173 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '173 Patent.

50. Each of the '173 Defendants is infringing the '173 Patent literally and/or under the doctrine of equivalents.

51. Each of the '173 Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '173 Patent by others, including, but not limited to, the '173 Defendants' respective agents, contractors, and actual and prospective customers who access the '173 Defendants' respective electronic catalogs (collectively, "Third Parties").

52. Upon information and belief, the other entities with whom each of the '173 Defendants is jointly infringing the '173 Patent include, but are not limited to, the '173 Defendants' respective Third Parties. Upon information and belief, each of the '173 Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '173 Patent, and, as such, is liable for the infringements of the '173 Patent that result from those activities alone or in combination with certain activities of the '173 Defendants, which activities also constitute one or more steps claimed in the '173 Patent; specifically, to the extent that each of the '173 Defendants does not individually perform each and every step of one or more of the methods claimed in the '173 Patent, then, upon information and belief, the '173 Defendants' respective Third Parties perform the remaining claim steps under the '173 Defendants' direction and/or control such that the combination of the activities of

each '173 Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '173 Patent.

E. **Infringement of the '176 Patent**

53. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–52, *supra.*

54. The '176 Patent was duly and legally issued by the United States Patent and Trademark Office on March 15, 2011 after full and fair examination.

55. The '176 Patent relates to a method to, among other things, display and compare product information data.

56. The following defendants are infringing the '176 Patent: Lowe's, Office Depot, Sony, Staples, and TCP (hereinafter referred to collectively as "the '176 Defendants"). Each of the '176 Defendants is infringing the '176 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '176 Patent.

57. Each of the '176 Defendants is infringing the '176 Patent literally and/or under the doctrine of equivalents.

58. Each of the '176 Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '176 Patent by others, including, but not limited to, the '176 Defendants' respective agents, contractors, and actual and prospective customers who access the '176 Defendants' respective electronic catalogs (collectively, "Third Parties"). Upon information and belief, the other entities with whom each of the '176 Defendants is jointly infringing the '176 Patent include, but are not limited to, the '176 Defendants' respective Third

-14-
BDDB01 9077286v1

Parties. Upon information and belief, each of the '176 Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '176 Patent, and, as such, is liable for the infringements of the '176 Patent that result from those activities alone or in combination with certain activities of the '176 Defendants, which activities also constitute one or more steps claimed in the '176 Patent; specifically, to the extent that each of the '176 Defendants does not individually perform each and every step of one or more of the methods claimed in the '176 Patent, then, upon information and belief, the '176 Defendants' respective Third Parties perform the remaining claim steps under the '176 Defendants' direction and/or control such that the combination of the activities of each '176 Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '176 Patent.

## IV. CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–58, *supra.*

60. On information and belief, each of the '490 Defendants will continue to infringe the '490 Patent, each of the '649 Defendants will continue to infringe the '649 Patent, each of the '142 Defendants will continue to infringe the '142 Patent, each of the '173 Defendants will continue to infringe the '173 Patent, and each of the '176 Defendants will continue to infringe the '176 Patent, causing immediate and irreparable harm to Hill, unless this Court enjoins and restrains the Defendants' activities.

61. Infringement of the '490 Patent, the '649 Patent, and the '142 Patent by Defendants Lowe's, Neiman Marcus, Office Depot, and Ritz Interactive is willful and deliberate, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

62. Prior to the filing of this action, Hill complied with the requirements of 35 U.S.C. § 287(a).

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Hill respectfully requests that this Court enter judgment:

A. Determining that U.S. Patent No. 5,528,490 is valid, enforceable, and infringed by each of the '490 Defendants;

B. Determining that U.S. Patent No. 5,761,649 is valid, enforceable, and infringed by each of the '649 Defendants;

C. Determining that U.S. Patent No. 6,029,142 is valid, enforceable, and infringed by each of the '142 Defendants;

D. Determining that U.S. Patent No. 7,908,173 is valid, enforceable, and infringed by each of the '173 Defendants;

E. Determining that U.S. Patent No. 7,908,176 is valid, enforceable, and infringed by each of the '176 Defendants;

F. Entering a permanent injunction against each of the '490 Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all persons acting in privity, concert, or participation with each of the '490 Defendants, respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent;

G. Entering a permanent injunction against each of the '649 Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all persons acting in privity, concert, or participation with each of the '649 Defendants,

respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '649 Patent;

H. Entering a permanent injunction against each of the '142 Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all persons acting in privity, concert, or participation with each of the '142 Defendants, respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '142 Patent;

I. Entering a permanent injunction against each of the '173 Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all persons acting in privity, concert, or participation with each of the '173 Defendants, respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '173 Patent;

J. Entering a permanent injunction against each of the '176 Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all persons acting in privity, concert, or participation with each of the '176 Defendants, respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '176 Patent;

K. Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

L. Awarding Hill enhanced damages, pursuant to 35 U.S.C. § 284;

M.  Awarding Hill enhanced damages for willful infringement, pursuant to 35 U.S.C. § 284, as to Defendants Lowe's, Neiman Marcus, Office Depot, and Ritz Interactive;

N.  Awarding Hill pre-judgment and post-judgment interest as allowed by law;

O.  Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and,

P.  Awarding such other and further relief as the Court deems just, equitable, and proper.

### VI. REQUEST FOR TRIAL BY JURY

Hill respectfully requests that all issues so triable be tried by and before a jury.

Dated: March 14, 2012

Respectfully submitted,

/s/ R. Trevor Carter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas 75606-3427
Telephone: (903) 753-6760
Facsimile: (903) 753-6761
E-mail: scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: trevor.carter@faegrebd.com
daniel.lechleiter@faegrebd.com
andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill & Associates, Inc.*

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on March 14, 2012. As such, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service." *See* Local Rule CV-5(a)(3)(A).

                                                /s/ R. Trevor Carter