UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1–800 FLOWERS.COM, INC., *et al.*, ) <br> ) <br> ) <br> Defendants. ) | Case No. 2:11–cv–174 |

**STAPLES' ANSWER AND COUNTERCLAIMS**

Defendant Staples, Inc. ("Staples") files this Answer and Counterclaims to the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Charles E. Hill & Associates, Inc. ("Hill").

Staples denies the allegations and characterizations in Hill's Complaint unless expressly admitted in the following paragraphs:

**THE PARTIES**

1.  Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore the allegations are denied.

2–12.  Paragraphs 2–12 do not require a response by Staples. To the extent a response is required, Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 2–12, and therefore the allegations are denied.

13.  Staples admits that it is a Delaware corporation with a principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Staples further admits that its registered agent in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209

Orange Street, Wilmington, Delaware 19801, and that it was served copies of the Original Complaint and summons. Any and all remaining allegations of paragraph 13 are denied.

14. Paragraph 14 does not require a response by Staples. To the extent a response is required, Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore the allegations are denied.

## JURISDICTION AND VENUE

15. Staples restates and realleges the responses set forth in paragraphs 1 through 14 above.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Staples admits that this is an action for patent infringement and that the Court has subject matter jurisdiction. Any and all remaining allegations of paragraph 16 of the Complaint are denied.

17. Staples admits that it does business in the state of Texas and in this jurisdiction, but denies any and all allegations in paragraph 17 of the Complaint that relate to Staples. Regarding allegations directed to other Defendants, to the extent a response is required, Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore the allegations are denied.

18. Staples denies any and all allegations in paragraph 18 of the Complaint that relate to Staples. Regarding allegations directed to other Defendants, to the extent a response is required, Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore the allegations are denied.

## ALLEGATIONS OF PATENT INFRINGEMENT

19. Staples restates and realleges the responses set forth in paragraphs 1 through 18 above.

20.     Staples admits that what appear to be true and correct copies of United States Patent Nos. 5,528,490 ("the '490 patent"), 5,761,649 ("the '649 patent"), 6,029,142 ("the '142 patent"), 7,908,173 ("the '173 patent), and 7,908,176 ("the '176 patent") are attached to the Complaint as Exhibits A through E, respectively (collectively, "the Hill Patents"); these are documents which speak for themselves. Staples lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 20 of the Complaint, and therefore the allegations are denied.

21.     In response to paragraph 21, Staples admits that it sells products over the Internet, but denies the remainder of the allegations in paragraph 21 of the Complaint. Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

22.     In response to paragraph 22, Staples admits that it offers products for sale and sells products over the Internet. Staples further admits that it provides product information for some of the products which it sells over the Internet. Staples denies the remainder of the allegations in paragraph 22 of the Complaint. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

23.     Staples admits that it operates one or more websites, and that it utilizes IBM products to do so, but denies the remainder of the allegations in paragraph 23 of the Complaint. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

24.     Staples denies any and all allegations in paragraph 24 of the Complaint.

25.     Staples restates and realleges the responses set forth in paragraphs 1 through 24 above.

26.     Staples admits that, on its face, the '490 patent issued on June 18, 1996. Any and all remaining allegations of paragraph 26 of the Complaint are denied.

27.     Staples objects to the allegations of paragraph 27 as vague, ambiguous and/or calling for a legal conclusion to which no response is required, and therefore denies any and all allegations in paragraph 27 of the Complaint.

28.     Staples denies any and all allegations in paragraph 28 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

29.     Staples denies any and all allegations in paragraph 29 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

30.     Staples denies any and all allegations in paragraph 30 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

31.     Staples denies any and all allegations in paragraph 31 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

32.     Staples restates and realleges the responses set forth in paragraphs 1 through 31 above.

33.     Staples admits that, on its face, the '649 patent issued on June 2, 1998. Any and all remaining allegations of paragraph 33 of the Complaint are denied.

34. Staples objects to the allegations of paragraph 34 as vague, ambiguous and/or calling for a legal conclusion to which no response is required, and therefore denies any and all allegations in paragraph 34 of the Complaint.

35. Staples denies any and all allegations in paragraph 35 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

36. Staples denies any and all allegations in paragraph 36 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

37. Staples denies any and all allegations in paragraph 37 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

38. Staples denies any and all allegations in paragraph 38 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

39. Staples restates and realleges the responses set forth in paragraphs 1 through 38 above.

40. Staples admits that, on its face, the '142 patent issued on February 22, 2000. Any and all remaining allegations of paragraph 40 of the Complaint are denied.

41. Staples objects to the allegations of paragraph 41 as vague, ambiguous and/or calling for a legal conclusion to which no response is required, and therefore denies any and all allegations in paragraph 41 of the Complaint.

42. Staples denies any and all allegations in paragraph 42 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

43. Staples denies any and all allegations in paragraph 43 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

44. Staples denies any and all allegations in paragraph 44 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

45. Staples denies any and all allegations in paragraph 45 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

46. Staples restates and realleges the responses set forth in paragraphs 1 through 45 above.

47. Staples admits that, on its face, the '173 patent issued on March 15, 2011. Any and all remaining allegations of paragraph 47 of the Complaint are denied.

48. Staples objects to the allegations of paragraph 48 as vague, ambiguous and/or calling for a legal conclusion to which no response is required, and therefore denies any and all allegations in paragraph 48 of the Complaint.

49. Staples denies any and all allegations in paragraph 49 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

50.     Staples denies any and all allegations in paragraph 50 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

51.     Staples denies any and all allegations in paragraph 51 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

52.     Staples denies any and all allegations in paragraph 52 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

53.     Staples restates and realleges the responses set forth in paragraphs 1 through 52 above.

54.     Staples admits that, on its face, the '176 patent issued on March 15, 2011. Any and all remaining allegations of paragraph 54 of the Complaint are denied.

55.     Staples objects to the allegations of paragraph 55 as vague, ambiguous and/or calling for a legal conclusion and therefore denies any and all allegations in paragraph 55 of the Complaint.

56.     Staples denies any and all allegations in paragraph 56 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

57.     Staples denies any and all allegations in paragraph 57 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

58. Staples denies any and all allegations in paragraph 58 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

59. Staples restates and realleges the responses set forth in paragraphs 1 through 58 above.

60. Staples denies any and all allegations in paragraph 60 of the Complaint that relate to Staples. Moreover, Staples lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.

61. Paragraph 61 does not require a response by Staples. To the extent a response is required, Staples lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and therefore the allegations are denied.

62. Staples objects to the allegations of paragraph 62 as vague, ambiguous and/or calling for a legal conclusion and therefore denies any and all allegations in paragraph 62 of the Complaint.

WHEREFORE, Staples request that the Court deny all relief to Hill, including that requested by Hill in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Staples's Affirmative Defenses are listed below. Staples reserves the right to amend its Answer to add additional Affirmative Defenses, consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

63. This Court lacks jurisdiction over the person of Staples.

## SECOND AFFIRMATIVE DEFENSE

64. Venue in this Court is improper.

## THIRD AFFIRMATIVE DEFENSE

65. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

66. Staples does not infringe and has not infringed any claim of the Hill Patents asserted against it under any theory (including directly, whether individually or jointly, or indirectly, whether contributorily or by inducement, or literally or under the doctrine of equivalents).

## FIFTH AFFIRMATIVE DEFENSE

67. The Hill Patents asserted against Staples are invalid, unenforceable, and/or void because the alleged inventions fail to satisfy at least one of the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101–103 and 112.

## SIXTH AFFIRMATIVE DEFENSE

68. To the extent that Hill, its alleged predecessors–in–interest to the Hill Patents, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Staples' actions allegedly infringed the Hill Patents, Staples is not liable to Hill for the acts alleged

## SEVENTH AFFIRMATIVE DEFENSE

69. Hill's claims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel, acquiescence and/or laches, including, but not limited to, Plaintiff's unreasonable delay in asserting the Hill Patents.

### EIGHTH AFFIRMATIVE DEFENSE

70. Staples has not infringed and is not infringing the Hill Patents because Staples does not control or direct one or more required steps, elements and/or limitations of one or more claims of the Hill Patents asserted against it.

### NINTH AFFIRMATIVE DEFENSE

71. On information and belief, Hill's claims are barred in whole or in part by reason of express and/or implied license.

### TENTH AFFIRMATIVE DEFENSE

72. On information and belief, Hill's claims are barred in whole or in part by reason of patent exhaustion.

### ELEVENTH AFFIRMATIVE DEFENSE

73. On information and belief, Hill's claims are precluded by prosecution history estoppel and/or prosecution disclaimer.

### TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff's request for injunctive relief is barred because there is no irreparable harm, a legal remedy is adequate, the balance of hardships favors Staples, and the public interest weighs against injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

75. Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Staples' allegedly infringing acts occurring more than six years before the filing of the lawsuit.

## COUNTERCLAIMS

This is a declaratory judgment action seeking a declaration of non–infringement and invalidity of United States Patent Nos. 5,528,490 ("the '490 patent"), 5,761,649 ("the '649 patent"), 6,029,142 ("the '142 patent"), 7,908,173 ("the '173 patent"), and 7,908,176 ("the '176 patent"), copies of which are attached to the Complaint as Exhibits A through E, respectively (collectively, "the Hill Patents").

## PARTIES

1. Defendant and counterclaim plaintiff Staples, Inc. ("Staples") is a corporation organized and existing under the laws of the State of Delaware, which maintains its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.

2. Plaintiff and counterclaim defendant Charles E. Hill & Associates, Inc. ("Hill") purports to be a Delaware corporation with an address in Jefferson, Texas.

## JURISDICTION AND VENUE

2. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

3. Personal jurisdiction over Hill is proper in this district. Hill has consented to jurisdiction in this district by filing suit against Staples in this Court. Furthermore, Hill claims an address in Jefferson, Texas.

4. If venue is proper over the action filed by plaintiff, then venue over these Counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391.

### COUNT I: DECLARATION OF NON–INFRINGEMENT

5. Based on Hill's filing of its Complaint for Patent Infringement and Staples's assertion that the Hill Patents are not infringed, there exists a real and actual case and controversy between the parties regarding whether Staples infringes the Hill Patents.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Staples is entitled to and respectfully requests a declaration by the Court that it does not infringe any claim of the Hill Patents.

### COUNT II: DECLARATION OF INVALIDITY

7. Based on Hill's filing of its Complaint for Patent Infringement and Staples's assertion that the Hill Patents are invalid, there exists a real and actual case and controversy between the parties regarding the validity of the Hill Patents.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Staples is entitled to and respectfully requests a declaration by the Court that the claims of the Hill Patents are invalid.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Staples respectfully requests a trial by jury of any issue so triable by right.

### PRAYER FOR RELIEF

Staples respectfully requests a judgment against Hill as follows:

A. That Staples has not infringed and does not infringe any claim of any of the Hill Patents.

B. That the Hill Patents are invalid;

C. That Hill take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

D. That this is an exceptional case under 35 U.S.C. § 285;

E. That Staples be awarded its costs and reasonable attorneys fees incurred in this action; and

F. That Staples receive any further relief the Court may deem just and proper.

Dated: March 20, 2012                              Respectfully submitted,

Jennifer Parker Ainsworth
(State Bar No. 00784720)
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509–5000


/s/ Stacy O. Stitham
Peter J. Brann
pbrann@brannlaw.com
David Swetnam–Burland
dsb@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for Defendant Staples, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2012, the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV–5(a)(3)(A).

/s/ Stacy O. Stitham<br>
Stacy O. Stitham