**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1-800 FLOWERS.COM, INC.; ABT ELECTRONICS, INC.; FOLLETT CORPORATION; FOLLETT HIGHER EDUCATION GROUP; LOWE'S HOME CENTERS, INC.; MASON COMPANIES, INC.; NEIMAN MARCUS, INC.; OFFICE DEPOT, INC.; RITZ INTERACTIVE, INC.; SCHOLASTIC CORPORATION; SONY CORPORATION OF AMERICA; STAPLES, INC.; and THE CHILDREN'S PLACE, INC.; <br><br> Defendants. | CASE NO. 2-11-CV-174-JRG <br><br> HON. RODNEY GILSTRAP <br><br> Jury Trial Requested |

**DEFENDANT SCHOLASTIC CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Scholastic Corporation ("Scholastic"), by and through its undersigned counsel, as and for its Answer, Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement filed on March 14, 2012 (the "Amended Complaint") by Charles E. Hill & Associates, Inc. ("Hill"), admits, denies, and alleges as follows:

### I. THE PARTIES

1. Scholastic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2. Paragraph 2 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis denies them.

3. Paragraph 3 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis denies them.

4. Paragraph 4 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and on that basis denies them.

5. Paragraph 5 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and on that basis denies them.

6. Paragraph 6 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and on that basis denies them.

7. Paragraph 7 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and on that basis denies them.

8. Paragraph 8 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and on that basis denies them.

9. Paragraph 9 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Paragraph 10 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and on that basis denies them.

11. Scholastic admits that it is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 557 Broadway, New York, New York, 10012. Scholastic also admits that Hill Served copies of its Original Complaint and a summons on Scholastic at the address of its registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. Any and all remaining allegations of paragraph 11 are denied.

12. Paragraph 12 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

13. Paragraph 13 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis denies them.

14. Paragraph 14 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and on that basis denies them.

## II.  JURISDICTION AND VENUE

15. Scholastic repeats and realleges its previous responses to Paragraphs 1 through 14 as if fully set forth at length herein.

16. Scholastic admits the allegations set forth in Paragraph 16 to the extent that this is an action for patent infringement and that this Court has subject matter jurisdiction based upon the statutes cited. Scholastic denies any and all remaining allegations in Paragraph 16.

17. Scholastic admits that this Court has personal jurisdiction over Scholastic, but specifically denies that it has committed any acts of patent infringement within the State of Texas and/or the Eastern District of Texas. Any and all remaining allegations directed to or related to Scholastic in Paragraph 17 are denied. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 17 against the other Defendants, and therefore denies the same.

18. Scholastic admits that venue in this District is proper as to Scholastic, but denies that venue in the Marshall Division is convenient. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 18 against the other Defendants, and therefore denies the same.

### III. PATENT INFRINGEMENT

19. Scholastic repeats and realleges its previous responses to Paragraphs 1 through 18 as if fully set forth at length herein.

20. Scholastic admits that what appear to be true and correct copies of United States Patent Nos. 5,528,490 ("the '490 Patent"), 5,761,649 ("the '649 Patent"), and 6,029,142 ("the '142 Patent") (collectively "the Patents"), as well as United States Patent Nos. 7,908,173 ("the '173 Patent"), and 7,908,176 ("the '176 Patent") are attached to the Original Complaint as Exhibits A, B, C, D and E, respectively. Scholastic lacks knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 20, and on that basis denies the same.

21. Scholastic denies any and all allegations in Paragraph 21 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 21 against the other Defendants, and therefore denies the same.

22. Scholastic denies any and all allegations in Paragraph 22 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 22 against the other Defendants, and therefore denies the same.

23. Scholastic denies any and all allegations in Paragraph 23 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 23 against the other Defendants, and therefore denies the same.

24. Scholastic denies any and all allegations in Paragraph 24 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 24 against the other Defendants, and therefore denies the same.

A. **Infringement of the '490 Patent**

25. Scholastic repeats and realleges its previous responses to Paragraphs 1 through 24 as if fully set forth at length herein.

26. Scholastic admits that the '490 Patent bears an issuance date of June 18, 1996. Any and all remaining allegations of Paragraph 26 are denied.

27. Scholastic admits that, on its face, the '490 Patent bears the title "Electronic Catalog System and Method." Scholastic denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28. Scholastic denies any and all allegations in Paragraph 28 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 28 against the other Defendants, and therefore denies the same.

29.     Scholastic denies any and all allegations in Paragraph 29 of the Amended Complaint that are directed to or relate to Scholastic.  Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 29 against the other Defendants, and therefore denies the same.

30.     Scholastic denies any and all allegations in Paragraph 30 of the Amended Complaint that are directed to or relate to Scholastic.  Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 30 against the other Defendants, and therefore denies the same.

31.     Scholastic denies any and all allegations in Paragraph 31 of the Amended Complaint that are directed to or relate to Scholastic.  Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 31 against the other Defendants, and therefore denies the same.

**B.     Infringement of the '649 Patent**

32.     Scholastic repeats and realleges its previous responses to Paragraphs 1 through 31 as if fully set forth at length herein.

33.     Scholastic admits that the '649 Patent bears an issuance date of June 2, 1998. Any and all remaining allegations of Paragraph 33 are denied.

34.     Scholastic admits that, on its face, the '649 Patent bears the title "Method for Updating a Remote Computer."  Scholastic denies the remaining allegations in Paragraph 34 of the Amended Complaint.

35.     Scholastic denies any and all allegations in Paragraph 35 of the Amended Complaint that are directed to or relate to Scholastic.  Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 35 against the other Defendants, and therefore denies the same.

36. Scholastic denies any and all allegations in Paragraph 36 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 36 against the other Defendants, and therefore denies the same.

37. Scholastic denies any and all allegations in Paragraph 37 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 37 against the other Defendants, and therefore denies the same.

38. Scholastic denies any and all allegations in Paragraph 38 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 38 against the other Defendants, and therefore denies the same.

C.   **Infringement of the '142 Patent**

39. Scholastic repeats and realleges its previous responses to Paragraphs 1 through 38 as if fully set forth at length herein.

40. Scholastic admits that the '142 Patent bears an issuance date of February 22, 2000. Any and all remaining allegations of Paragraph 40 are denied.

41. Scholastic admits that, on its face, the '142 Patent bears the title "Electronic Catalog System and Method." Scholastic denies the remaining allegations in Paragraph 41 of the Amended Complaint.

42. Scholastic denies any and all allegations in Paragraph 42 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 42 against the other Defendants, and therefore denies the same.

43.     Scholastic denies any and all allegations in Paragraph 43 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 43 against the other Defendants, and therefore denies the same.

44.     Scholastic denies any and all allegations in Paragraph 44 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 44 against the other Defendants, and therefore denies the same.

45.     Scholastic denies any and all allegations in Paragraph 45 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 45 against the other Defendants, and therefore denies the same.

**D.     Infringement of the '173 Patent**

46.     Scholastic repeats and realleges its previous responses to Paragraphs 1 through 45 as if fully set forth at length herein.

47.     Scholastic admits that the '173 Patent bears an issuance date of March 15, 2011. Any and all remaining allegations of Paragraph 47 are denied.

48.     Scholastic admits that, on its face, the '173 Patent bears the title "Virtual Catalog and Product Presentation Method and Apparatus." Scholastic denies the remaining allegations in Paragraph 48 of the Amended Complaint.

49.     Paragraph 49 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and on that basis denies them.

50.     Paragraph 50 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on that basis denies them.

51.     Paragraph 51 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

52.     Paragraph 52 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and on that basis denies them.

### E.     Infringement of the '176 Patent

53.     Scholastic repeats and realleges its previous responses to Paragraphs 1 through 52 as if fully set forth at length herein.

54.     Scholastic admits that the '176 Patent bears an issuance date of March 15, 2011. Any and all remaining allegations of Paragraph 54 are denied.

55.     Scholastic admits that, on its face, the '176 Patent bears the title "Virtual Catalog and Product Presentation Method and Apparatus." Scholastic denies the remaining allegations in Paragraph 55 of the Amended Complaint.

56.     Paragraph 56 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and on that basis denies them.

57.     Paragraph 57 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and on that basis denies them.

58. Paragraph 58 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies them.

### IV.　CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59. Scholastic repeats and realleges its previous responses to Paragraphs 1 through 58 as if fully set forth at length herein.

60. Scholastic denies any and all allegations in Paragraph 60 of the Amended Complaint that are directed to or relate to Scholastic. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 60 against the other Defendants, and therefore denies the same.

61. Paragraph 61 does not pertain to Scholastic. To the extent a response is required, Scholastic lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint, and on that basis denies them.

62. Scholastic lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 62 of the Amended Complaint, and on that basis denies them.

### GENERAL DENIAL

Scholastic denies any allegations in the Amended Complaint not specifically admitted in Scholastic's responsive pleadings above.

### RESPONSE TO PLAINTIFF HILL'S PRAYER FOR RELIEF

Scholastic denies that Hill is entitled to any of the relief sought in the prayer or any relief whatsoever. Further responding to Hill's Amended Complaint, Scholastic alleges as follows:

## SCHOLASTIC'S DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Scholastic pleads the following defenses:

### First Defense: Failure to State a Claim

63. The Amended Complaint fails to state a claim upon which relief can be granted because Scholastic has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Hill under the Patents.

### Second Defense: Invalidity

64. Scholastic alleges on information and belief that the Patents are invalid for failure to comply with one or more of the conditions of patentability of inventions set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

### Third Defense: Non-Infringement

65. Scholastic alleges on information and belief that it has not and does not infringe the Patents, either directly or indirectly, literally or under the doctrine of equivalents.

### Fourth Defense: 35 U.S.C. § 286

66. Scholastic alleges on information and belief that any claim for damages for patent infringement of the Patents is limited by 35 U.S.C. § 286 to those damages occurring six years prior to the filing of the Amended Complaint for infringement in this action.

### Fifth Defense: 35 U.S.C. § 287

67. Scholastic alleges on information and belief that any claim for damages for patent infringement of the Patents by Hill is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

### Sixth Defense: Prosecution History Estoppel

68. Scholastic alleges on information and belief that to the extent that Hill alleges infringement under the doctrine of equivalents, Hill's alleged causes of action are barred under the doctrine of prosecution history estoppel.

### Seventh Defense: Equitable Doctrines

69. Scholastic alleges on information and belief that Hill's claims of infringement are barred, in whole or in part, by one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands.

### Eighth Defense: Prosecution Laches

70. Scholastic alleges on information and belief that Hill's claims of infringement of one or more of the Patents are barred, in whole or in part, by the doctrine of prosecution laches.

### Ninth Defense: Patent Exhaustion

71. Scholastic alleges on information and belief that Hill's claims of infringement of one or more of the Patents are barred, in whole or in part, by the doctrine of patent exhaustion.

### Reservation of Additional Defenses

72. Scholastic reserves the right to assert additional defenses that may be developed through discovery, or otherwise, in this action.

### SCHOLASTIC CORPORATION'S COUNTERCLAIMS

73. Counterclaimant Scholastic hereby counterclaims and alleges against Counterclaim Defendant Hill as follows:

## THE PARTIES

74. Scholastic is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 557 Broadway, New York, NY 10012.

75. Hill alleges in its Amended Complaint that it is a Delaware corporation with its principal place of business at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657.

## JURISDICTION AND VENUE

76. Scholastic's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, §§ 101, *et seq*.

77. An actual controversy exists between Scholastic and Hill as to whether Scholastic infringes directly or indirectly the Patents, as Hill contends, or does not do so, as Scholastic contends.

78. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

79. By filing its Complaint and its Amended Complaint, Hill has consented to the personal jurisdiction of this Court.

80. If venue is proper over the action filed by Hill, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION OF NONINFRINGEMENT

81. Scholastic repeats and realleges the responses and allegations in Paragraphs 63 through 80 as if fully set forth at length herein.

82. Scholastic has not infringed nor is it infringing any valid and enforceable claims of the Patents.

83. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Scholastic is entitled to and respectfully requests a declaration by the Court that that the claims of the Patents are not infringed.

### COUNT II: DECLARATION OF INVALIDITY

84. Scholastic repeats and realleges the responses and allegations in Paragraphs 63 through 83 as if fully set forth at length herein.

85. All of the claims of the Patents are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

86. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Scholastic is entitled to and respectfully requests a declaration by the Court that that the claims of the Patents are invalid.

### **PRAYER FOR RELIEF**

WHEREFORE, Scholastic respectfully requests entry of judgment in its favor and against Hill as follows:

A. That Scholastic has not and does not infringe any valid claim of any of the Patents;

B. That the claims of the Patents are invalid, void, and without force and effect;

C. That Hill take nothing by its Amended Complaint, and that the Amended Complaint be dismissed with prejudice;

D. That the Court award Scholastic its costs and expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

E. That Hill, its officers, agents, employees and all persons acting in privity or concert with them be enjoined and restrained from harassing Scholastic or anyone in privity with Scholastic with infringement actions or with threats of infringement actions on the Patents; and

F. That the Court award Scholastic such other and further relief as this Court deems just and proper.

Dated: March 28, 2012                    Respectfully submitted,

                                                                         By: _/s/ M. Dru Montgomery_
                                                                             J. Thad Heartfield
                                                                              Texas Bar No. 09346800
                                                                              E-mail: thad@jth-law.com
                                                                              M. Dru Montgomery
                                                                              Texas Bar No. 24010800
                                                                              dru@jth-law.com
                                                                              THE HEARTFIELD LAW FIRM
                                                                              2195 Dowlen Road
                                                                              Beaumont, Texas 77706
                                                                              Tel: (409) 866-3318
                                                                              Fax: (409) 866-5789

                                                                              *Attorneys for Defendant Scholastic*
                                                                                *Corporation*

OF COUNSEL:

Brian D. Siff (admitted *pro hac vice*)
Paul C. Maier (admitted *pro hac vice*)
SCHIFF HARDIN LLP
666 Fifth Avenue
New York, NY 10103
Tel: (212) 753-5000
bsiff@schiffhardin.com
pmaier@schiffhardin.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of March, 2012.  Any other counsel of record will be served by first class mail.

                                                    */s/ M. Dru Montgomery*
                                                    M. Dru Montgomery