**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHARLES E. HILL & ASSOCIATES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2-11-cv-174-JRG |
| | ) | |
| **1-800 FLOWERS.COM, INC.;** | ) | HON. RODNEY GILSTRAP |
| **ABT ELECTRONICS, INC.;** | ) | |
| **FOLLETT CORPORATION;** | ) | |
| **FOLLETT HIGHER EDUCATION GROUP;** | ) | JURY DEMAND |
| **LOWE'S HOME CENTERS, INC.;** | ) | |
| **MASON COMPANIES, INC.;** | ) | |
| **NEIMAN MARCUS INC.;** | ) | |
| **OFFICE DEPOT, INC.;** | ) | |
| **RITZ INTERACTIVE, INC.;** | ) | |
| **SCHOLASTIC CORPORATION;** | ) | |
| **SONY CORPORATION OF AMERICA;** | ) | |
| **STAPLES, INC.; and** | ) | |
| **THE CHILDREN'S PLACE RETAIL STORES, INC.;** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OFFICE DEPOT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO CHARLES E. HILL & ASSOCIATES, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT**

Office Depot, Inc. ("Office Depot") answers Charles E. Hill & Associates, Inc.'s ("Hill") Amended Complaint for Patent Infringement as follows:

**I.   THE PARTIES**

1.   Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, denies those allegations.

2. Paragraph 2 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, therefore, denies those allegations.

3. Paragraph 3 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, denies those allegations.

4. Paragraph 4 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies those allegations.

5. Paragraph 5 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, denies those allegations.

6. Paragraph 6 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies those allegations.

7. Paragraph 7 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies those allegations.

8. Paragraph 8 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, denies those allegations.

9. Office Depot admits that it is a Delaware Corporation and maintains a principal place of business at 6600 North Military Trail, Boca Raton, FL 33496 and has appointed The Corporate Creations Network Inc, 3411 Silverside Road, Rodney Building #104, Wilmington, DE 19810. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 and, therefore, denies those allegations.

10. Paragraph 10 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, denies those allegations.

11. Paragraph 11 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12. Paragraph 12 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is

-4-

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies those allegations.

13. Paragraph 13 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies those allegations.

14. Paragraph 14 contains allegations regarding another Defendant, and therefore no response from Office Depot is required. To the extent a response is required, Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies those allegations.

## II. JURISDICTION AND VENUE

15. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–14, *supra*.

16. Office Depot admits that Plaintiff contends to have brought a patent infringement action arising under Title 35 of the United State Code. Office Depot admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). Office Depot denies any remaining allegations set forth in paragraph 16.

17. Office Depot admits that it does business in the state of Texas and in this jurisdiction. Office Depot denies all remaining allegations set forth in paragraph 17 and expressly denies that it has committed any acts of patent infringement.

18. Office Depot admits that venue is proper under the provisions of 28 U.S.C. § 1400(b) with respect to themselves. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 with respect to the other Defendants and, therefore, denies those allegations.

### III. PATENT INFRINGEMENT

19. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–18, *supra*.

20. Office Depot admits that what appears to be copies of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") are attached to the Original Complaint as Exhibits A, B, C, D, and E, respectively, and that Hill purports to be the owner of the listed patents. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and, therefore, denies those allegations.

21. Office Depot admits that products can be purchased via its websites. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 with respect to the other Defendants and, therefore, denies those allegations.

22. Office Depot admits that products can be purchased via its websites. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 directed to it and, therefore, denies those allegations. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 with respect to the other Defendants and, therefore, denies those allegations.

23. Office Depot admits that it operates websites, and that it utilizes IBM products to do so. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 directed to it and, therefore, denies those allegations. Office Depot is without knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 23 with respect to the other Defendants and, therefore, denies those allegations.

24. Office Depot admits that its websites are available on the Internet and accessible from within the State of Texas, the Eastern District of Texas, and other U.S. federal and judicial districts and states. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 directed to it and, therefore, denies those allegations. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 with respect to the other Defendants and, therefore, denies those allegations.

A. **Infringement of the '490 Patent**

25. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–24, *supra*.

26. Office Depot admits that the '490 Patent appears to have issued on June 18, 1996. Office Depot denies the remaining allegations in paragraph 26.

27. Office Depot admits that the disclosure of the '490 patent describes the alleged invention as "[a]n electronic catalog system... for producing information related to a selected product on a remote computer." Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 directed to it and, therefore, denies those allegations.

28. Office Depot denies the allegations in paragraph 28. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 with respect to the other Defendants and, therefore, denies those allegations.

29.   Office Depot denies the allegations in paragraph 29.  Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 with respect to the other Defendants and, therefore, denies those allegations.

30.   Office Depot denies the allegations in paragraph 30.  Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 with respect to the other Defendants and, therefore, denies those allegations.

31.   Office Depot denies the allegations in paragraph 31.  Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 with respect to the other Defendants and, therefore, denies those allegations.

**B.   Infringement of the '649 Patent**

32.   Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–31, *supra*.

33.   Office Depot admits that the '649 patent appears to have issued on June 2, 1998. Office Depot denies the remaining allegations in paragraph 33.

34.   Office Depot admits that the disclosure of the '649 patent describes the alleged invention as "[a] method for accessing product information includes…transmitting only updated graphics data from the main computer to the remote computer, [and] storing the updated graphics data in the memory of the remote computer."  Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 directed to it and, therefore, denies those allegations.

35.   Office Depot denies the allegations in paragraph 35.  Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 with respect to the other Defendants and, therefore, denies those allegations.

36.     Office Depot denies the allegations in paragraph 36. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 with respect to the other Defendants and, therefore, denies those allegations.

37.     Office Depot denies the allegations in paragraph 37. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 with respect to the other Defendants and, therefore, denies those allegations.

38.     Office Depot denies the allegations in paragraph 38. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 with respect to the other Defendants and, therefore, denies those allegations.

**C.     Infringement of the '142 Patent**

39.     Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–38, *supra*.

40.     Office Depot admits that the '142 patent appears to have issued on February 22, 2000. Office Depot denies the remaining allegations in paragraph 40.

41.     Office Depot admits that the disclosure of the '142 patent describes the alleged invention as "[a]n apparatus and method... for displaying product information data related to at least one product." Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 directed to it and, therefore, denies those allegations.

42.     Office Depot denies the allegations in paragraph 42. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2600843.1

43. Office Depot denies the allegations in paragraph 43. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 with respect to the other Defendants and, therefore, denies those allegations.

44. Office Depot denies the allegations in paragraph 44. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 with respect to the other Defendants and, therefore, denies those allegations.

45. Office Depot denies the allegations in paragraph 45. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 with respect to the other Defendants and, therefore, denies those allegations.

**D.     Infringement of the '173 Patent**

46. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-45, *supra*.

47. Office Depot admits that the '173 patent appears to have issued on March 15, 2011. Office Depot denies the remaining allegations in paragraph 47.

48. Office Depot admits that the disclosure of the '173 patent describes the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer." Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 directed to it and, therefore, denies those allegations.

49. Office Depot denies the allegations in paragraph 49. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 with respect to the other Defendants and, therefore, denies those allegations.

50. Office Depot denies the allegations in paragraph 50. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 with respect to the other Defendants and, therefore, denies those allegations.

51. Office Depot denies the allegations in paragraph 51. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 with respect to the other Defendants and, therefore, denies those allegations.

52. Office Depot denies the allegations in paragraph 52. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 with respect to the other Defendants and, therefore, denies those allegations.

**E.** **Infringement of the '176 Patent**

53. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-52, *supra*.

54. Office Depot admits that the '176 patent appears to have issued on March 15, 2010. Office Depot denies the remaining allegations in paragraph 54.

55. Office Depot admits that the disclosure of the '176 patent describes the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer." Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 directed to it and, therefore, denies those allegations.

56. Office Depot denies the allegations in paragraph 56. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2600843.1

57. Office Depot denies the allegations in paragraph 57. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 with respect to the other Defendants and, therefore, denies those allegations.

58. Office Depot denies the allegations in paragraph 58. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 with respect to the other Defendants and, therefore, denies those allegations.

### IV. CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59. Office Depot hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–58, *supra*.

60. To the extent that paragraph 60 is directed to Office Depot, Office Depot denies infringement of the '490, '649, '142, '173 and '176 patents, and therefore, Office Depot denies that Plaintiff will suffer immediate and irreparable harm from Office Depot due to any alleged infringement of the '490, '649, '142, '173 and '176 patents. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 and, therefore, denies those allegations. To the extent that paragraph 60 is directed to Defendants other than Office Depot, Office Depot is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies those allegations.

61. Office Depot denies the allegations in paragraph 61. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 with respect to the other Defendants and, therefore, denies those allegations.

62. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 and, therefore, denies those allegations.

## V. GENERAL DENIAL

Except as explicitly admitted herein, Office Depot denies each and every allegation contained in Hill's Complaint.

## VI. RESPONSE TO HILL'S PRAYER FOR RELIEF

Office Depot denies that Hill is entitled to any of the relief requested in Hill's Complaint.

## VII. AFFIRMATIVE DEFENSES

Office Depot alleges and asserts the following affirmative defenses in response to the allegations of Hill's Complaint without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Office Depot specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Affirmative Defense

1. Hill fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Office Depot does not infringe any valid claim of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") (collectively "patents-in-suit"). Office Depot does not literally or equivalently infringe, induce or contribute to the infringement of the patents-in-suit.

### Third Affirmative Defense

3. Plaintiff is estopped, by virtue of the prior art or the prosecution of the patents-in-suit, from asserting infringement against Office Depot.

### Fourth Affirmative Defense

4. The claims of the patents-in-suit are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Affirmative Defense

5. Plaintiff's claims are barred by one or more of the doctrines of laches, estoppel, waiver and/or acquiescence, including but not limited to Plaintiff's unreasonable delay in asserting the patents-in-suit.

### Sixth Affirmative Defense

6. Plaintiff is precluded from recovering damages for infringement of the patents-in-suit, if any, until the date Plaintiff notified Office Depot in accordance with 35 U.S.C. 287(a).

### Seventh Affirmative Defense

7. Hill is barred from obtaining any relief sought in the Complaint to the extent that the patents-in-suit are subject to the doctrines of patent exhaustion or implied license.

### Eighth Affirmative Defense

8. Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Office Depot's allegedly infringing acts occurring more than six years before the filing of the Complaint.

### Ninth Affirmative Defense

9. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

### Tenth Affirmative Defense

10. Plaintiff's attempted enforcement of the patents-in-suit is barred by the doctrine of prosecution laches.

**Eleventh Affirmative Defense**

11. Plaintiff's attempted enforcement of the '490 Patent, the '649 Patent, and the '142 Patent is barred by the doctrines of legal estoppel, express license, implied license to practice, license exhaustion, and/or patent exhaustion

## VIII. <u>COUNTERCLAIMS</u>

For its Counterclaims against Plaintiff, Office Depot alleges as follows:

**Parties**

1. Counter claimant Office Depot, Inc. ("Office Depot") is a Delaware Corporation with its principal place of business in Boca Raton, Florida.

2. On information and belief, Plaintiff and Counterclaim Defendant, Charles E. Hill & Associates, Inc. ("Hill") is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657.

**Jurisdiction**

3. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") (collectively "patents-in-suit") arising under the patent laws of the United States, 35 U.S.C. § 1 et seq, and the declaratory judgment act, 28 U.S.C. §§ 2201-2202. Therefore, this Court has subject matter jurisdiction over Office Depot's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(A), 2201 and 2202.

4. Personal jurisdiction is proper in this district. Hill has consented to jurisdiction in this district by filing suit against Office Depot in this Court. Furthermore, Hill has its principal place of business in this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (B) and (C). Hill has consented to jurisdiction in this district by filing suit against Office Depot in this Court.

6. On or about March 15, 2011, Hill filed suit against Office Depot, claiming infringement of the '490 patent, the '649 patent, the '142 patent, the '173 patent and the '176 patent.

7. A justiciable controversy exists between Hill and Office Depot concerning the infringement and validity of the '490 patent, the '649 patent, and the '142 patent, the 173 patent and the '176 patent.

### First Counterclaim

8. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

9. Each claim of the '490 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

10. Office Depot is entitled to a declaratory judgment that each claim of the '490 patent is invalid.

### Second Counterclaim

11. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

12. Each claim of the '649 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Office Depot is entitled to a declaratory judgment that each claim of the '649 patent is invalid.

US2008 2600843.1

### Third Counterclaim

14. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

15. Each claim of the '142 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

16. Office Depot is entitled to a declaratory judgment that each claim of the '142 patent is invalid.

### Fourth Counterclaim

17. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

18. Each claim of the '173 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

19. Office Depot is entitled to a declaratory judgment that each claim of the '173 patent is invalid.

### Fifth Counterclaim

20. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

21. Each claim of the '176 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

22. Office Depot is entitled to a declaratory judgment that each claim of the '176 patent is invalid.

### Sixth Counterclaim

23. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

24. Office Depot is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '490 patent.

25. Office Depot is entitled to a declaratory judgment that Office Depot does not directly infringe, induce infringement or contribute to the infringement of the '490 patent.

### Seventh Counterclaim

26. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

27. Office Depot is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '649 patent.

28. Office Depot is entitled to a declaratory judgment that Office Depot does not directly infringe, induce infringement or contribute to the infringement of the '649 patent.

### Eighth Counterclaim

29. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

30. Office Depot is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '142 patent.

31. Office Depot is entitled to a declaratory judgment that Office Depot does not directly infringe, induce infringement or contribute to the infringement of the '142 patent.

### Ninth Counterclaim

32. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

33. Office Depot is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '173 patent.

34. Office Depot is entitled to a declaratory judgment that Office Depot does not directly infringe, induce infringement or contribute to the infringement of the '173 patent.

### Tenth Counterclaim

35. Office Depot incorporates paragraphs 1-7 as if fully set forth herein.

36. Office Depot is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '176 patent.

37. Office Depot is entitled to a declaratory judgment that Office Depot does not directly infringe, induce infringement or contribute to the infringement of the '176 patent.

**IX.  REQUEST FOR TRIAL BY JURY**

Office Depot respectfully requests that all issues so triable be tried by and before a jury.

**X.  PRAYER FOR RELIEF**

WHEREFORE, Office Depot denies that Hill is entitled to any of the relief requested in Hill's Prayer for Relief. Office Depot further respectfully requests that this Court enter judgment in Office Depot's favor and against Plaintiff Hill by granting the following relief:

A. That a judgment be entered declaring each and every claim of the '490 patent, the '649 patent, the '142 patent, the '173 patent and the '176 patent is invalid and unenforceable;

B. That a judgment be entered declaring that the '490 patent, the '649 patent, the '142 patent, the '173 patent, and the '176 patent are not infringed by Office Depot;

    C.    That Office Depot be awarded its attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285;

    D.    A declaration that Hill take nothing by its Complaint;

    E.    Judgment against Hill and in favor of Office Depot;

    F.    Dismissal of the Complaint with prejudice; and

    G.    That Office Depot be granted such other and further relief as the Court deems just and proper.

Dated: March 30, 2012

Respectfully submitted,

*/s/Wab P. Kadaba*
Wab P. Kadaba
Georgia Bar No. 405727
wkadaba@kilpatricktownsend.comKilpatrick Townsend & Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
Fax: (404) 815-6555

Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500

*Attorneys for Defendant Office Depot, Inc.*

US2008 2600843.1

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 30th day of March, 2012.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/Wab P. Kadaba*
Wab P. Kadaba

US2008 2600843.1