**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHARLES E. HILL & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 2-11-cv-174-JRG** |
| | ) | |
| **1-800 FLOWERS.COM, INC.;** | ) | **Hon. Rodney Gilstrap** |
| **ABT ELECTRONICS, INC.;** | ) | |
| **FOLLETT CORPORATION;** | ) | |
| **FOLLETT HIGHER EDUCATION GROUP;** | ) | **Jury Demand** |
| **LOWE'S HOME CENTERS COMPANIES, INC.;** | ) | |
| **MASON COMPANIES, INC.;** | ) | |
| **NEIMAN MARCUS INC.;** | ) | |
| **OFFICE DEPOT, INC.;** | ) | |
| **RITZ INTERACTIVE, INC.;** | ) | |
| **SCHOLASTIC CORPORATION;** | ) | |
| **SONY CORPORATION OF AMERICA;** | ) | |
| **STAPLES, INC.; and** | ) | |
| **THE CHILDREN'S PLACE RETAIL STORES, INC.;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## 1-800-FLOWERS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO CHARLES E. HILL & ASSOCIATES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

1-800-Flowers.com, Inc. ("1-800-Flowers.com") answers Charles E. Hill & Associates,

Inc.'s ("Hill") Amended Complaint for Patent Infringement as follows:

I.   <u>THE PARTIES</u>

1.     1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, denies those allegations.

2.     1-800-Flowers.com admits that it is a Delaware corporation and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process in Delaware.  1-800-Flowers.com admits that its corporate headquarters and principal place of business are at One Old Country Road, Carle Place, New York 11514.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 and, therefore, denies those allegations.

3.     Paragraph 3 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, denies those allegations.

4.     Paragraph 4 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies those allegations.

5.     Paragraph 5 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, denies those allegations.

US2008 2598371.3

6.      Paragraph 6 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies those allegations.

7.      Paragraph 7 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies those allegations.

8.      Paragraph 8 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, denies those allegations.

9.      Paragraph 9 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, therefore, denies those allegations.

10.      Paragraph 10 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, denies those allegations.

11.      Paragraph 11 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-

US2008 2598371.3

Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12.     Paragraph 12 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies those allegations.

13.     Paragraph 13 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies those allegations.

14.     Paragraph 14 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies those allegations.

## II.   JURISDICTION AND VENUE

15.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–14, *supra*.

16.     1-800-Flowers.com admits that Plaintiff contends to have brought a patent infringement action arising under Title 35 of the United State Code.  1-800-Flowers.com admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  1-800-Flowers.com denies any remaining allegations set forth in paragraph 16.

US2008 2598371.3

17.     1-800-Flowers.com admits that it does business in the state of Texas and in this jurisdiction.  1-800-Flowers.com denies all remaining allegations set forth in paragraph 17 and expressly denies that it has committed any acts of patent infringement.

18.     1-800-Flowers.com admits that venue is proper under the provisions of 28 U.S.C. § 1400(b) with respect to themselves.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 with respect to the other Defendants and, therefore, denies those allegations.

### III.   PATENT INFRINGEMENT

19.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–18, *supra*.

20.     1-800-Flowers.com admits that what appears to be copies of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") are attached to the Original Complaint as Exhibits A, B, C, D, and E, respectively, and that Hill purports to be the owner of the listed patents.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and, therefore, denies those allegations.

21.     1-800-Flowers.com admits that products can be purchased via its website.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 with respect to the other Defendants and, therefore, denies those allegations.

22.     1-800-Flowers.com admits that products can be purchased via its website.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 directed to it and, therefore, denies those

allegations. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 with respect to the other Defendants and, therefore, denies those allegations.

23.     1-800-Flowers.com admits that it operates a website, 1-800-Flowers.com, and that it utilizes IBM products to do so.   1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 directed to it and, therefore, denies those allegations. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 with respect to the other Defendants and, therefore, denies those allegations.

24.     1-800-Flowers.com admits that its website, 1-800-Flowers.com, is available on the Internet and accessible from within the State of Texas, the Eastern District of Texas, and other U.S. federal and judicial districts and states.   1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 directed to it and, therefore, denies those allegations.   1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 with respect to the other Defendants and, therefore, denies those allegations.

A.     <u>Infringement of the '490 Patent</u>

25.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–24, *supra*.

26.     1-800-Flowers.com admits that the '490 Patent appears to have issued on June 18, 1996. 1-800-Flowers.com denies the remaining allegations in paragraph 26.

27.     1-800-Flowers.com admits that the disclosure of the '490 patent describes the alleged invention as "[a]n electronic catalog system... for producing information related to a

selected product on a remote computer." 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 directed to it and, therefore, denies those allegations.

28.    1-800-Flowers.com denies the allegations in paragraph 28. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 with respect to the other Defendants and, therefore, denies those allegations.

29.    1-800-Flowers.com denies the allegations in paragraph 29. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 with respect to the other Defendants and, therefore, denies those allegations.

30.    1-800-Flowers.com denies the allegations in paragraph 30. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 with respect to the other Defendants and, therefore, denies those allegations.

31.    1-800-Flowers.com denies the allegations in paragraph 31. 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 with respect to the other Defendants and, therefore, denies those allegations.

**B.    Infringement of the '649 Patent**

32.    1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–31, *supra*.

33.    1-800-Flowers.com admits that the '649 patent appears to have issued on June 2, 1998. 1-800-Flowers.com denies the remaining allegations in paragraph 33.

US2008 2598371.3

34.     1-800-Flowers.com admits that the disclosure of the '649 patent describes the alleged invention as "[a] method for accessing product information includes…transmitting only updated graphics data from the main computer to the remote computer, [and] Storing the updated graphics data in the memory of the remote computer."  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 directed to it and, therefore, denies those allegations.

35.     1-800-Flowers.com denies the allegations in paragraph 35.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 with respect to the other Defendants and, therefore, denies those allegations.

36.     1-800-Flowers.com denies the allegations in paragraph 36.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 with respect to the other Defendants and, therefore, denies those allegations.

37.     1-800-Flowers.com denies the allegations in paragraph 37.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 with respect to the other Defendants and, therefore, denies those allegations.

38.     1-800-Flowers.com denies the allegations in paragraph 38.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2598371.3

C.      **Infringement of the '142 Patent**

39.      1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–38, *supra*.

40.      1-800-Flowers.com admits that the '142 patent appears to have issued on February 22, 2000.  1-800-Flowers.com denies the remaining allegations in paragraph 40.

41.      1-800-Flowers.com admits that the disclosure of the '142 patent describes the alleged invention as "[a]n apparatus and method... for displaying product information data related to at least one product." 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 directed to it and, therefore, denies those allegations.

42.      1-800-Flowers.com denies the allegations in paragraph 42.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 with respect to the other Defendants and, therefore, denies those allegations.

43.      1-800-Flowers.com denies the allegations in paragraph 43.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 with respect to the other Defendants and, therefore, denies those allegations.

44.      1-800-Flowers.com denies the allegations in paragraph 44.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 with respect to the other Defendants and, therefore, denies those allegations.

45.      1-800-Flowers.com denies the allegations in paragraph 45.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set

US2008 2598371.3

forth in paragraph 45 with respect to the other Defendants and, therefore, denies those allegations.

**D.**     **Infringement of the '173 Patent**

46.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-45, *supra*.

47.     1-800-Flowers.com admits that the '173 patent appears to have issued on March 15, 2010.  1-800-Flowers.com denies the remaining allegations in paragraph 47.

48.     1-800-Flowers.com admits that the disclosure of the '173 patent describes the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer." 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 directed to it and, therefore, denies those allegations.

49.     Paragraph 49 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and, therefore, denies those allegations.

50.     Paragraph 50 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and, therefore, denies those allegations.

51.     Paragraph 51 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 and, therefore, denies those allegations

US2008 2598371.3

52.     Paragraph 52 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and, therefore, denies those allegations.

**E.     Infringement of the '176 Patent**

53.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-52, *supra*.

54.     1-800-Flowers.com admits that the '176 patent appears to have issued on March 15, 2010.  1-800-Flowers.com denies the remaining allegations in paragraph 54.

55.     1-800-Flowers.com admits that the disclosure of the '176  patent  describes  the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer."  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 directed to it and, therefore, denies those allegations.

56.     Paragraph 56 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and, therefore, denies those allegations.

57.     Paragraph 57 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 and, therefore, denies those allegations.

58.     Paragraph 58 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.   To the extent a response is required, 1-800-

Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and, therefore, denies those allegations.

## IV.   CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59.     1-800-Flowers.com hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–58, *supra*.

60.     To the extent that paragraph 60 is directed to 1-800-Flowers.com, 1-800-Flowers.com denies infringement of the '490, '649, '142, '173 and '176 patents, and therefore, 1-800-Flowers.com denies that Plaintiff will suffer immediate and irreparable harm from 1-800-Flowers.com due to any alleged infringement of the '490, '649, '142, '173 and '176 patents.  1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 and, therefore, denies those allegations.  To the extent that paragraph 60 is directed to Defendants other than 1-800-Flowers.com, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies those allegations.

61.     Paragraph 61 contains allegations regarding another Defendant, and therefore no response from 1-800-Flowers.com is required.  To the extent a response is required, 1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and, therefore, denies those allegations.

62.     1-800-Flowers.com is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 and, therefore, denies those allegations.

US2008 2598371.3

## V.      GENERAL DENIAL

Except as explicitly admitted herein, 1-800-Flowers.com denies each and every allegation contained in Hill's Complaint.

## VI.     RESPONSE TO HILL'S PRAYER FOR RELIEF

1-800-Flowers.com denies that Hill is entitled to any of the relief requested in Hill's Complaint.

## VII.    AFFIRMATIVE DEFENSES

1-800-Flowers.com alleges and asserts the following affirmative defenses in response to the allegations of Hill's Complaint without assuming any burden of proof that it would not otherwise have.   In addition to the affirmative defenses described below and subject to its responses above, 1-800-Flowers.com specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Affirmative Defense

1.      Hill fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.      1-800-Flowers.com does not infringe any valid claim of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); and 6,029,142 ("the '142 Patent") (collectively "patents-in-suit").   1-800-Flowers.com does not literally or equivalently infringe, induce or contribute to the infringement of the patents-in-suit.

### Third Affirmative Defense

3.      Plaintiff is estopped, by virtue of the prior art or the prosecution of the patents-in-suit, from asserting infringement against 1-800-Flowers.com.

US2008 2598371.3

**Fourth Affirmative Defense**

4.     The claims of the patents-in-suit are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fifth Affirmative Defense**

5.     Plaintiff's claims are barred by one or more of the doctrines of laches, estoppel, waiver and/or acquiescence, including but not limited to Plaintiff's unreasonable delay in asserting the patents-in-suit.

**Sixth Affirmative Defense**

6.     Plaintiff is precluded from recovering damages for infringement of the patents-in-suit, if any, until the date Plaintiff notified 1-800-Flowers.com in accordance with 35 U.S.C. 287(a).

**Seventh Affirmative Defense**

7.     Hill is barred from obtaining any relief sought in the Complaint to the extent that the 18F patents-in-suit are subject to the doctrines of patent exhaustion or implied license.

**Eighth Affirmative Defense**

8.     Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of 1-800-Flowers.com's allegedly infringing acts occurring more than six years before the filing of the Complaint.

**Ninth Affirmative Defense**

9.     Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

**Tenth Affirmative Defense**

US2008 2598371.3

10.     Plaintiff's attempted enforcement of the '490 Patent, the '649 Patent, and the '142 Patent is barred by the doctrine of prosecution laches

**Eleventh Affirmative Defense**

11.     Plaintiff's attempted enforcement of the '490 Patent, the '649 Patent, and the '142 Patent is barred by the doctrines of legal estoppel, express license, implied license to practice, license exhaustion, and/or patent exhaustion

US2008 2598371.3

## VIII.   <u>COUNTERCLAIMS</u>

For its Counterclaims against Plaintiff, 1-800-Flowers.com alleges as follows:

### Parties

1.   Counter claimant 1-800-Flowers.com, Inc. ("1-800-Flowers.com) is a Delaware Corporation with its principal place of business in Carle Place, New York.

2.   On information and belief, Plaintiff and Counterclaim Defendant, Charles E. Hill & Associates, Inc. ("Hill") is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657.

### Jurisdiction

3.   This is an action for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); and 6,029,142 ("the '142 Patent") arising under the patent laws of the United States, 35 U.S.C. § 1 et seq, and the declaratory judgment act,  28 U.S.C. §§ 2201-2202.   Therefore, this Court has subject matter jurisdiction over 1-800-Flowers.com's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(A), 2201 and 2202.

4.   Personal jurisdiction is proper in this district. Hill has consented to jurisdiction in this district by filing suit against 1-800-Flowers.com in this Court.  Furthermore, Hill has its principal place of business in this district.

US2008 2598371.3

5.  Venue is proper in this district under 28 U.S.C. §§ 1391 (B) and (C).  Hill has consented to jurisdiction in this district by filing suit against 1-800-Flowers.com in this Court.

6.  On or about March 15, 2011, Hill filed suit against 1-800-Flowers.com, claiming infringement of the '490 patent, the '649 patent, and the '142 patent.

7.  A justiciable controversy exists between Hill and 1-800-Flowers.com concerning the infringement and validity of the '490 patent, the '649 patent, and the '142 patent.

## First Counterclaim

8.  1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

9.  Each claim of the '490 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

10.  1-800-Flowers.com is entitled to a declaratory judgment that each claim of the '490 patent is invalid.

## Second Counterclaim

11.  1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

12.  Each claim of the '649 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.  1-800-Flowers.com is entitled to a declaratory judgment that each claim of the '649 patent is invalid.

## Third Counterclaim

14.  1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

US2008 2598371.3

15.     Each claim of the '142 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     1-800-Flowers.com is entitled to a declaratory judgment that each claim of the '142 patent is invalid.

## Fourth Counterclaim

17.     1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

18.     1-800-Flowers.com is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '490 patent.

19.     1-800-Flowers.com is entitled to a declaratory judgment that 1-800-Flowers.com does not directly infringe, induce infringement or contribute to the infringement of the '490 patent.

## Fifth Counterclaim

20.     1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

21.     1-800-Flowers.com is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '649 patent.

22.     1-800-Flowers.com is entitled to a declaratory judgment that 1-800-Flowers.com does not directly infringe, induce infringement or contribute to the infringement of the '649 patent.

## Sixth Counterclaim

23.     1-800-Flowers.com incorporates paragraphs 1-7 as if fully set forth herein.

US2008 2598371.3

24.   1-800-Flowers.com is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '142 patent.

25.   1-800-Flowers.com is entitled to a declaratory judgment that 1-800-Flowers.com does not directly infringe, induce infringement or contribute to the infringement of the '142 patent.

## IX.   REQUEST FOR TRIAL BY JURY

1-800-Flowers.com respectfully requests that all issues so triable be tried by and before a jury.

## X.   PRAYER FOR RELIEF

WHEREFORE, 1-800-Flowers.com denies that Hill is entitled to any of the relief requested in Hill's Prayer for Relief.  1-800-Flowers.com further respectfully requests that this Court enter judgment in 1-800-Flowers.com's favor and against Plaintiff Hill by granting the following relief:

**A.**   That a judgment be entered declaring each and every claim of the '490 patent, the '649 patent, and the '142 patent is invalid and unenforceable;

**B.**   That a judgment be entered declaring that the '490 patent, the '649 patent, and the '142 patent are not infringed by 1-800-Flowers.com;

**C.**   That 1-800-Flowers.com be awarded its attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285;

**D.**   A declaration that Hill take nothing by its Complaint;

**E.**   Judgment against Hill and in favor of 1-800-Flowers.com;

**F.**   Dismissal of the Complaint with prejudice; and

US2008 2598371.3

**G.**     That 1-800-Flowers.com be granted such other and further relief as the Court deems just

and proper.


Dated: March 30, 2012

Respectfully submitted,

*/s/Wab P. Kadaba*
Wab P. Kadaba
Georgia Bar No. 405727
wkadaba@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
Fax: (404) 815-6555

Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500

*Attorneys for Defendant 1-800 Flowers.com, Inc.*

US2008 2598371.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being

served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on

this the 30th  day of March, 2012.  Any other counsel of record will be served by first class U.S. mail

on this same date.


<u>/s/Wab P. Kadaba</u>
Wab P. Kadaba

US2008 2598371.3