**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **CHARLES E. HILL & ASSOCIATES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 2-11-cv-174-JRG** |
| | ) | |
| **1-800 FLOWERS.COM, INC.;** | ) | **Hon. Rodney Gilstrap** |
| **ABT ELECTRONICS, INC.;** | ) | |
| **FOLLETT CORPORATION;** | ) | |
| **FOLLETT HIGHER EDUCATION GROUP;** | ) | **Jury Demand** |
| **LOWE'S HOME CENTERS COMPANIES, INC.;** | ) | |
| **MASON COMPANIES, INC.;** | ) | |
| **NEIMAN MARCUS INC.;** | ) | |
| **OFFICE DEPOT, INC.;** | ) | |
| **RITZ INTERACTIVE, INC.;** | ) | |
| **SCHOLASTIC CORPORATION;** | ) | |
| **SONY CORPORATION OF AMERICA;** | ) | |
| **STAPLES, INC.; and** | ) | |
| **THE CHILDREN'S PLACE RETAIL STORES, INC.;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THE CHILDREN'S PLACE RETAIL STORES, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO CHARLES E. HILL & ASSOCIATES, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

The Children's Place Retail Stores, Inc. ("TCP") answers Charles E. Hill & Associates,

Inc.'s ("Hill") Amended Complaint for Patent Infringement as follows:

I. **THE PARTIES**

1.     TCP is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 1 and, therefore, denies those allegations.

2.      Paragraph 2 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, therefore, denies those allegations.

3.      Paragraph 3 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, denies those allegations.

4.      Paragraph 4 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies those allegations.

5.      Paragraph 5 contains allegations regarding another defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, denies those allegations.

6.      Paragraph 6 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies those allegations.

7.      Paragraph 7 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge

US2008 2599638.1

or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies those allegations.

8.      Paragraph 8 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, denies those allegations.

9.      Paragraph 9 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, therefore, denies those allegations.

10.      Paragraph 10 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, therefore, denies those allegations.

11.      Paragraph 11 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12.      Paragraph 12 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies those allegations.

US2008 2599638.1

13.     Paragraph 13 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies those allegations.

14.     TCP admits that it is a Delaware Corporation and maintains a principal place of business at 500 Plaza Drive, Secaucus, NJ and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801 as its registered agent. The Children's Place Retail Stores admits that it was substituted for The Children's Place, Inc. at ECF No. 60.  The Children's Place Retail Stores further admits that it answered the Complaint at ECF No. 74. May 23, 2011.  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 and, therefore, denies those allegations.

## II.   JURISDICTION AND VENUE

15.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–14, *supra*.

16.     TCP admits that Plaintiff contends to have brought a patent infringement action arising under Title 35 of the United State Code.  TCP admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  TCP denies any remaining allegations set forth in paragraph 16.

17.     TCP admits that it does business in the state of Texas and in this jurisdiction. TCP denies all remaining allegations set forth in paragraph 17 and expressly denies that it has committed any acts of patent infringement.

18.     TCP admits that venue is proper under the provisions of 28 U.S.C. § 1400(b) with respect to themselves.  TCP is without knowledge or information sufficient to form a belief as to

US2008 2599638.1

the truth of the allegations set forth in paragraph 18 with respect to the other Defendants and, therefore, denies those allegations.

### III.    PATENT INFRINGEMENT

19.    TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–18, *supra*.

20.    TCP admits that what appear to be copies of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") are attached to the Original Complaint as Exhibits A, B, C, D, and E, respectively, and that Hill purports to be the owner of the listed patents.  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and, therefore, denies those allegations.

21.    TCP admits that products can be purchased via its website.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 with respect to the other Defendants and, therefore, denies those allegations.

22.    TCP admits that products can be purchased via its website.  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 directed to it and, therefore, denies those allegations. TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 with respect to the other Defendants and, therefore, denies those allegations.

23.    TCP admits that it operates a website, and that it utilizes IBM products to do so. TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 directed to it and, therefore, denies those allegations. TCP is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 23 with respect to the other Defendants and, therefore, denies those allegations.

24.     TCP admits that its website is available on the Internet and accessible from within the State of Texas, the Eastern District of Texas, and other U.S. federal and judicial districts and states.  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 directed to it and, therefore, denies those allegations.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 with respect to the other Defendants and, therefore, denies those allegations.

A.     **Infringement of the '490 Patent**

25.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–24, *supra*.

26.     TCP admits that the '490 Patent appears to have issued on June 18, 1996.  TCP denies the remaining allegations in paragraph 26.

27.     TCP admits that the disclosure of the '490 patent describes the alleged invention as "[a]n electronic catalog system... for producing information related to a selected product on a remote computer."  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 directed to it and, therefore, denies those allegations.

28.     TCP denies the allegations in paragraph 28.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2599638.1

29.     TCP denies the allegations in paragraph 29.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 with respect to the other Defendants and, therefore, denies those allegations.

30.     TCP denies the allegations in paragraph 30.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 with respect to the other Defendants and, therefore, denies those allegations.

31.     TCP denies the allegations in paragraph 31.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 with respect to the other Defendants and, therefore, denies those allegations.

**B.     Infringement of the '649 Patent**

32.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–31, *supra*.

33.     TCP admits that the '649 patent appears to have issued on June 2, 1998.   TCP denies the remaining allegations in paragraph 33.

34.     TCP admits that the disclosure of the '649 patent describes the alleged invention as "[a] method for accessing product information includes…transmitting only updated graphics data from the main computer to the remote computer, [and] Storing the updated graphics data in the memory of the remote computer."   TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 directed to it and, therefore, denies those allegations.

35.     TCP denies the allegations in paragraph 35.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2599638.1

36.     TCP denies the allegations in paragraph 36.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 with respect to the other Defendants and, therefore, denies those allegations.

37.     TCP denies the allegations in paragraph 37.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 with respect to the other Defendants and, therefore, denies those allegations.

38.     TCP denies the allegations in paragraph 38.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 with respect to the other Defendants and, therefore, denies those allegations.

**C.     Infringement of the '142 Patent**

39.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–38, *supra*.

40.     TCP admits that the '142 patent appears to have issued on February 22, 2000. TCP denies the remaining allegations in paragraph 40.

41.     TCP admits that the disclosure of the '142 patent describes the alleged invention as "[a]n apparatus and method... for displaying product information data related to at least one product." TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 directed to it and, therefore, denies those allegations.

42.     TCP denies the allegations in paragraph 42.   TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 with respect to the other Defendants and, therefore, denies those allegations.

43.     TCP denies the allegations in paragraph 43.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 with respect to the other Defendants and, therefore, denies those allegations.

44.     TCP denies the allegations in paragraph 44.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 with respect to the other Defendants and, therefore, denies those allegations.

45.     TCP denies the allegations in paragraph 45.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 with respect to the other Defendants and, therefore, denies those allegations.

**D.     Infringement of the '173 Patent**

46.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-45, *supra*.

47.     TCP admits that the '173 patent appears to have issued on March 15, 2011.  TCP denies the remaining allegations in paragraph 47.

48.     TCP admits that the disclosure of the '173 patent describes the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer." TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 directed to it and, therefore, denies those allegations.

49.     TCP denies the allegations in paragraph 49.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 with respect to the other Defendants and, therefore, denies those allegations..

US2008 2599638.1

50.     TCP denies the allegations in paragraph 50.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 with respect to the other Defendants and, therefore, denies those allegations.

51.     TCP denies the allegations in paragraph 51.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 with respect to the other Defendants and, therefore, denies those allegations.

52.     TCP denies the allegations in paragraph 52.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 with respect to the other Defendants and, therefore, denies those allegations.

**E.     Infringement of the '176 Patent**

53.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1-52, *supra*.

54.     TCP admits that the '176 patent appears to have issued on March 15, 2011.  TCP denies the remaining allegations in paragraph 54.

55.     TCP admits that the disclosure of the '176 patent describes the alleged invention as "[a]n apparatus and method... for the comparison of a plurality of selected products on the display of a remote computer."  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 directed to it and, therefore, denies those allegations.

56.     TCP denies the allegations in paragraph 56.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 with respect to the other Defendants and, therefore, denies those allegations.

US2008 2599638.1

57.     TCP denies the allegations in paragraph 57.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 with respect to the other Defendants and, therefore, denies those allegations.

58.     TCP denies the allegations in paragraph 58.  TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 with respect to the other Defendants and, therefore, denies those allegations..

## IV.   CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59.     TCP hereby incorporates by reference its answers, as if fully set forth herein, to paragraphs 1–58, *supra*.

60.     To the extent that paragraph 60 is directed to TCP, TCP denies infringement of the '490, '649, '142, '173 and '176 patents, and therefore, TCP denies that Plaintiff will suffer immediate and irreparable harm from TCP due to any alleged infringement of the '490, '649, '142, '173 and '176 patents.  TCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 60 and, therefore, denies those allegations.  To the extent that paragraph 60 is directed to Defendants other than TCP, TCP is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies those allegations.

61.     Paragraph 61 contains allegations regarding another Defendant, and therefore no response from TCP is required.  To the extent a response is required, TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and, therefore, denies those allegations.

62.     TCP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 and, therefore, denies those allegations.

US2008 2599638.1

## V.   **GENERAL DENIAL**

Except as explicitly admitted herein, TCP denies each and every allegation contained in Hill's Complaint.

## VI.   **RESPONSE TO HILL'S PRAYER FOR RELIEF**

TCP denies that Hill is entitled to any of the relief requested in Hill's Complaint.

## VII.   **AFFIRMATIVE DEFENSES**

TCP alleges and asserts the following affirmative defenses in response to the allegations of Hill's Complaint without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses described below and subject to its responses above, TCP specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Affirmative Defense

1.      Hill fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.      TCP does not infringe any valid claim of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") (collectively "patents-in-suit").  TCP does not literally or equivalently infringe, induce or contribute to the infringement of the patents-in-suit.

### Third Affirmative Defense

3.      Plaintiff is estopped, by virtue of the prior art or the prosecution of the patents-in-suit, from asserting infringement against TCP.

### Fourth Affirmative Defense

4.      The claims of the patents-in-suit are invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Affirmative Defense

5.      Plaintiff's claims are barred by one or more of the doctrines of laches, estoppel, waiver and/or acquiescence, including but not limited to Plaintiff's unreasonable delay in asserting the patents-in-suit.

### Sixth Affirmative Defense

6.      Plaintiff is precluded from recovering damages for infringement of the patents-in-suit, if any, until the date plaintiff notified TCP in accordance with 35 U.S.C. 287(a).

### Seventh Affirmative Defense

7.      Hill is barred from obtaining any relief sought in the Complaint to the extent that the patents-in-suit are subject to the doctrines of patent exhaustion or implied license.

### Eighth Affirmative Defense

8.      Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of TCP's allegedly infringing acts occurring more than six years before the filing of the Complaint.

### Ninth Affirmative Defense

9.      Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

### Tenth Affirmative Defense

10.      Plaintiff's attempted enforcement of the patents-in-suit is barred by the doctrine of prosecution laches.

US2008 2599638.1

**Eleventh Affirmative Defense**

11.     Plaintiff's attempted enforcement of the '490 Patent, the '649 Patent, and the '142 Patent is barred by the doctrines of legal estoppel, express license, implied license to practice, license exhaustion, and/or patent exhaustion.

## VIII. <u>COUNTERCLAIMS</u>

For its Counterclaims against Plaintiff, TCP alleges as follows:

**Parties**

1.     Counter claimant The Children's Place Retail Stores, Inc. ("TCP") is a Delaware Corporation with its principal place of business in Secaucus, NJ.

2.     On information and belief, Plaintiff and Counterclaim Defendant, Charles E. Hill & Associates, Inc.'s ("Hill") is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657.

**Jurisdiction**

3.     This is an action for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") (collectively "patents-in-suit") arising under the patent laws of the United States, 35 U.S.C. § 1 et seq, and the declaratory judgment  act,  28 U.S.C. §§ 2201-2202.  Therefore, this court has subject matter jurisdiction over TCP's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(A), 2201 and 2202.

4.     Personal jurisdiction is proper in this district. Hill has consented to jurisdiction in this district by filing suit against TCP in this Court.  Furthermore, Hill has its principal place of business in this district.

US2008 2599638.1

5.      Venue is proper in this district under 28 U.S.C. §§ 1391 (B) and (C).  Hill has consented to jurisdiction in this district by filing suit against TCP in this Court.

6.      On or about March 15, 2011, Hill filed suit against TCP, claiming infringement of the '490 patent, the '649 patent, the '142 patent, the '173 patent, and the '176 patent.

7.      A justiciable controversy exists between Hill and TCP concerning the infringement and validity of the '490 patent, the '649 patent, the '142 patent, the '173 patent, and the '176 patent.

## First Counterclaim

8.      TCP incorporates paragraph 1-7 as if fully set forth herein.

9.      Each claim of the '490 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

10.     TCP is entitled to a declaratory judgment that each claim of the '490 patent is invalid.

## Second Counterclaim

11.     TCP incorporates paragraph 1-7 as if fully set forth herein.

12.     Each claim of the '649 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.     TCP is entitled to a declaratory judgment that each claim of the '649 patent is invalid.

## Third Counterclaim

14.     TCP incorporates paragraph 1-7 as if fully set forth herein.

US2008 2599638.1

15.     Each claim of the '142 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     TCP is entitled to a declaratory judgment that each claim of the '142 patent is invalid.

### Fourth Counterclaim

17.     TCP incorporates paragraph 1-7 as if fully set forth herein.

18.     Each claim of the '173 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

19.     TCP is entitled to a declaratory judgment that each claim of the '173 patent is invalid.

### Fifth Counterclaim

20.     TCP incorporates paragraph 1-7 as if fully set forth herein.

21.     Each claim of the '176 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.     TCP is entitled to a declaratory judgment that each claim of the '176 patent is invalid.

### Sixth Counterclaim

23.     TCP incorporates paragraph 1-7 as if fully set forth herein.

US2008 2599638.1

24.     TCP is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '490 patent.

25.     TCP is entitled to a declaratory judgment that TCP does not directly infringe, induce infringement or contribute to the infringement of the '490 patent.

### Seventh Counterclaim

26.     TCP incorporates paragraph 1-7 as if fully set forth herein.

27.     TCP is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '649 patent.

28.     TCP is entitled to a declaratory judgment that TCP does not directly infringe, induce infringement or contribute to the infringement of the '649 patent.

### Eighth Counterclaim

29.     TCP incorporates paragraph 1-7 as if fully set forth herein.

30.     TCP is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '142 patent.

31.     TCP is entitled to a declaratory judgment that TCP does not directly infringe, induce infringement or contribute to the infringement of the '142 patent.

### Ninth Counterclaim

32.     TCP incorporates paragraph 1-7 as if fully set forth herein.

US2008 2599638.1

33.     TCP is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '173 patent.

34.     TCP is entitled to a declaratory judgment that TCP does not directly infringe, induce infringement or contribute to the infringement of the '173 patent.

### Tenth Counterclaim

35.     TCP incorporates paragraph 1-7 as if fully set forth herein.

36.     TCP is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '176 patent.

37.     TCP is entitled to a declaratory judgment that TCP does not directly infringe, induce infringement or contribute to the infringement of the '176 patent.

## IX.   REQUEST FOR TRIAL BY JURY

TCP respectfully requests that all issues so triable be tried by and before a jury.

## X.   PRAYER FOR RELIEF

WHEREFORE, TCP denies that Hill is entitled to any of the relief requested in Hill's Prayer for Relief.  TCP further respectfully requests that this Court enter judgment in TCP's favor and against Plaintiff Hill by granting the following relief:

A.      That a judgment be entered declaring each and every claim of the '490 patent, the '649 patent, the '142 patent, the '173 patent, and the '176 patent is invalid and unenforceable;

B.      That a judgment be entered declaring that the '490 patent, the '649 patent, the '142 patent, the '173 patent, and the '176 patent are not infringed by TCP;

C.      That TCP be awarded its attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285;

D.    A declaration that Hill take nothing by its Complaint;

E.    Judgment against Hill and in favor of TCP;

F.    Dismissal of the Complaint with prejudice; and

G.    That TCP be granted such other and further relief as the Court deems just and proper.

Dated: March 30, 2012

Respectfully submitted,

/s/Wab P. Kadaba
Wab P. Kadaba
Georgia Bar No. 405727
wkadaba@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel: (404) 815-6500
Fax: (404) 815-6555

Matias Ferrario
NC Bar No. 38723
mferrario@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500

*Attorneys for Defendant The Children's Place
    Retail Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 30th day of March, 2012.  Any other counsel of record will be served by first class U.S. mail on this same date.

<u>*/s/Wab P. Kadaba*</u>
Wab P. Kadaba

US2008 2599638.1