IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:11-cv-00174-JRG |
| | ) | |
| 1-800 FLOWERS.COM, INC.; | ) | HON. RODNEY GILSTRAP |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LOWE'S HOME CENTERS, INC.'S ANSWER,
SEPARATE DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lowe's Home Centers, Inc. ("Lowe's") hereby answers the First Amended

Complaint filed by Charles E. Hill & Associates, Inc. ("Hill").  Lowe's hereby responds to the

numbered paragraphs of the Complaint:

**I.      THE PARTIES**

1.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint and therefore denies the allegations.

2.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in paragraph 2 of the Complaint and therefore denies the allegations.

3.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations.

4.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations.

5.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the allegations.

6.      Paragraph 6 contains a legal conclusion and argument regarding service to which no response is required.  Lowe's admits that Lowe's Home Centers Inc. is a North Carolina corporation and has been substituted in this action in place of Lowe's Companies, Inc., which is also a North Carolina corporation.  Lowe's admits that Lowe's Home Centers, Inc. filed an Answer to the Original Complaint.  To the extent that there are any other factual allegations in paragraph 6, Lowe's denies each and every such allegation.

7.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the allegations.

8.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9.      Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the allegations.

11.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the allegations.

12.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the allegations.

14.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the allegations.

## II.     JURISDICTION AND VENUE

15.     Lowe's incorporates and reasserts its responses to paragraphs 1-14.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 15.

16.     Lowe's admits that Plaintiffs' Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Lowe's admits that this Court has subject-matter jurisdiction over asserted claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code pursuant to 28 U.S.C. §§ 1331 and 1338(a).  To the extent that there are any other factual allegations in paragraph 16, Lowe's denies each and every such allegation.  Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.

17.     Paragraph 17 contains a legal conclusion and argument regarding personal jurisdiction to which no response is required.  To the extent a response is required, Lowe's admits that personal jurisdiction is proper in this case with respect to Lowe's.  Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect

to the patent-in-suit.  Unless specifically admitted herein, Lowe's denies each and every

additional factual allegation contained in paragraph 17.

18.     Paragraph 18 contains a legal conclusion and argument regarding venue to which

no response is required.  To the extent a response is required, Lowe's admits that venue is proper

as to Lowe's in this judicial district but denies that any event or omission on its part in this

judicial district or elsewhere has given rise to any claim by Plaintiff against Lowe's.  Lowe's

contends that venue should be transferred pursuant to 28 U.S.C. § 1404 for the convenience of

the parties and witnesses.  Unless specifically admitted herein, Lowe's denies each and every

additional factual allegation contained in paragraph 18.

### III.     PATENT INFRINGEMENT

19.     Lowe's incorporates and reasserts its responses to paragraphs 1-18.  Unless

specifically admitted above, Lowe's denies each and every factual allegation contained in

paragraph 19.

20.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in paragraph 20 of the Complaint and therefore denies the allegations.

21.     Lowe's admits that it is engaged in the business of selling products over the

internet.  Lowe's specifically denies that it commits or has committed any acts of patent

infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the

Complaint and therefore denies the allegations. Unless specifically admitted herein, Lowe's

denies each and every additional factual allegation contained in paragraph 21.

22.     Lowe's admits that it provides product information, offers products for sale, and

sells products over the internet.  Lowe's specifically denies that it commits or has committed any

acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22

of the Complaint and therefore denies the allegations. Unless specifically admitted herein,

Lowe's denies each and every additional factual allegation contained in paragraph 22.

23.     Lowe's admits that it offers products for sale on a website that displays product

information.  Lowe's further admits that it uses IBM software.  Lowe's specifically denies that it

commits or has committed any acts of patent infringement with respect to the patent-in-suit.

Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 23 of the Complaint and therefore denies the allegations.

Unless specifically admitted herein, Lowe's denies each and every additional factual allegation

contained in paragraph 23.

24.     Lowe's admits that its website is accessible using a personal computer running

browser software.  Lowe's specifically denies that it commits or has committed any acts of

patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the

Complaint and therefore denies the allegations. Unless specifically admitted herein, Lowe's

denies each and every additional factual allegation contained in paragraph 24.

**A.     Infringement of the '490 Patent**

25.     Lowe's incorporates and reasserts its responses to paragraphs 1-24.  Unless

specifically admitted above, Lowe's denies each and every factual allegation contained in

paragraph 25.

26.     Lowe's admits that, on its face, U.S. Patent No. 5,528,490 bears an issue date of

June 18, 1996.  Lowe's lacks knowledge and information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies the allegations.

27.     Lowe's admits that, on its face, U.S. Patent No. 5,528,490 is entitled "Electronic Catalog System and Method."  Any further allegations contained in paragraph 27 constitute a legal conclusion and argument to which no response is required.  To the extent that there are any other factual allegations in paragraph 27, Lowe's denies each and every such allegation.

28.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 28.

29.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 29.

30.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 30.

31.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 31.

**B.      Infringement of the '649 Patent**

32.      Lowe's incorporates and reasserts its responses to paragraphs 1-31.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 32.

33.      Lowe's admits that, on its face, U.S. Patent No. 5,761,649 bears an issue date of June 2, 1998.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and therefore denies the allegations.

34.      Lowe's admits that, on its face, U.S. Patent No. 5,761,649 is entitled Method for Updating a Remote Computer."  Any further allegations contained in paragraph 34 constitute a legal conclusion and argument to which no response is required.  To the extent that there are any other factual allegations in paragraph 34, Lowe's denies each and every such allegation.

35.      Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 35.

36.      Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the

Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 36.

37.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 37.

38.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 38.

## C.     <u>Infringement of the '142 Patent</u>

39.     Lowe's incorporates and reasserts its responses to paragraphs 1-38.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 39.

40.     Lowe's admits that, on its face, U.S. Patent No. 6,029,142 bears an issue date of June 2, 1998.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Complaint and therefore denies the allegations.

41.     Lowe's admits that, on its face, U.S. Patent No. 6,029,142 is entitled "Method for Updating a Remote Computer."  Any further allegations contained in paragraph 41 constitute a

legal conclusion and argument to which no response is required.  To the extent that there are any other factual allegations in paragraph 41, Lowe's denies each and every such allegation.

42.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 42.

43.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 43.

44.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 44.

45.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 45.

D.      **Infringement of the '173 Patent**

46.     Lowe's incorporates and reasserts its responses to paragraphs 1-45.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 46.

47.     Lowe's admits that, on its face, U.S. Patent No. 7,908,173 bears an issue date of March 15, 2011.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint and therefore denies the allegations.

48.     Lowe's admits that, on its face, U.S. Patent No. 7,908,173 is entitled "Virtual Catalog and Product Presentation Method and Apparatus."  Any further allegations contained in paragraph 48 constitute a legal conclusion and argument to which no response is required.  To the extent that there are any other factual allegations in paragraph 48, Lowe's denies each and every such allegation.

49.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 49.

50.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 50.

51.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 51.

52.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 52.

**E.     Infringement of the '176 Patent**

53.     Lowe's incorporates and reasserts its responses to paragraphs 1-52.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 53.

54.     Lowe's admits that, on its face, U.S. Patent No. 7,908,176 bears an issue date of March 15, 2011.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint and therefore denies the allegations.

55.     Lowe's admits that, on its face, U.S. Patent No. 7,908,176 is entitled "Virtual Catalog and Product Presentation Method and Apparatus."  Any further allegations contained in paragraph 55 constitute a legal conclusion and argument to which no response is required.  To the extent that there are any other factual allegations in paragraph 55, Lowe's denies each and every such allegation.

56.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 56.

57.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 57.

58.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's denies each and every additional factual allegation contained in paragraph 58.

## IV.     CLAIM INCIDENT TO THE DEFENDANTS' INFRINGEMENT

59.     Lowe's incorporates and reasserts its responses to paragraphs 1-58.  Unless specifically admitted above, Lowe's denies each and every factual allegation contained in paragraph 59.

60.     Lowe's specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the

Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's

denies each and every additional factual allegation contained in paragraph 60.

62.     Lowe's specifically denies that it commits or has committed any acts of patent

infringement with respect to the patent-in-suit.  Lowe's lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the

Complaint and therefore denies the allegations.  Unless specifically admitted herein, Lowe's

denies each and every additional factual allegation contained in paragraph 61.

62.     Lowe's lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in paragraph 62 of the Complaint and therefore denies the allegations.  Lowe's

specifically denies that it commits or has committed any acts of patent infringement with respect

to the patent-in-suit.  Unless specifically admitted herein, Lowe's denies each and every

additional factual allegation contained in paragraph 62.

## V.      RESPONSE TO HILL'S PRAYER FOR RELIEF

Lowe's denies that Hill is entitled to either the requested relief or any other further relief.

## AFFIRMATIVE DEFENSES

Lowe's hereby asserts the following defenses without undertaking or otherwise shifting

any applicable burdens of proof.  Lowe's reserves the right to assert additional defenses, as

warranted by facts learned through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

63.     Lowe's has not infringed, and is not infringing, any valid and enforceable claim

of U.S. Patent Nos. 5,528,490; 5,761,649; 6,029,142; 7,908,173 or 7,908,176 (together, the

"Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

64.     The Asserted Patents, and each claim thereof, are invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 101.

## THIRD AFFIRMATIVE DEFENSE

65.     The Asserted Patents, and each claim thereof, are invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 102.

## FOURTH AFFIRMATIVE DEFENSE

66.     The Asserted Patents, and each claim thereof, are invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 103.

## FIFTH AFFIRMATIVE DEFENSE

67.     The Asserted Patents, and each claim thereof, are invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. § 112.

## SIXTH AFFIRMATIVE DEFENSE

68.     Hill's claims for relief are barred by laches, estoppel, and acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

69.     Hill is estopped, based on statements, representations, and admissions made during the prosecution of the patent application resulting in the issuance of the Asserted Patents, from maintaining that any claim of the Asserted Patents cover any articles, methods, services, equipment, products, devices, or components, or other activity used by or engaged in by Lowe's, or from asserting any interpretation of the Asserted Patents' claims that would be broad enough to cover any of articles, methods, services, equipment, products, devices, or components, or other activity used by or engaged in by Lowe's.

## EIGHTH AFFIRMATIVE DEFENSE

70.     Hill's claims for relief and/or ability to recover for any alleged infringement of the Asserted Patents are limited by the failure of Hill, predecessors in interest, and/or one or more licensees to mark properly or give proper notice as required by 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE

71.     Some or all of the defendants have been improperly joined in a single action, and Lowe's asserts its right to a separate trial.

## TENTH AFFIRMATIVE DEFENSE

72.     Hill's claims for relief and/or ability to recover for any alleged infringement of the Asserted Patents are limited under 35 U.S.C. §§ 286 and 288.

## ELEVENTH AFFIRMATIVE DEFENSE

73.     Hill's Complaint should be dismissed for failing to state upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

74.     Hill is not entitled to injunctive relief under any theory, including without limitation because (i) any alleged injury to Hill is not immediate or irreparable, (ii) Hill has an adequate remedy at law, and/or (iii) public policy concerns weigh against any injunctive relief.

## OTHER DEFENSES

75.     Lowe's reserves the right to assert additional affirmative defenses, including unenforceability for inequitable conduct, after appropriate discovery.

## COUNTERCLAIMS

1.      Lowe's files these Counterclaims for declaratory judgment of patent invalidity and noninfringement and would respectfully show as follows.

## PARTIES

2.      Defendant and Counter-Plaintiff Lowe's Home Centers, Inc. ("Lowe's") is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

3.      On information and belief, Plaintiff and Counter-Defendant Charles E. Hill & Associates, Inc. ("Hill"), is a Delaware Corporation with its principal place of business at 120 E. Austin Street, Suite 205, Jefferson, Texas 75657.

## JURISDICTION AND VENUE

**4.**      Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment, and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

## COUNT I:  PATENT INVALIDITY

5.      This count is for a declaratory judgment that the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent and the '176 Patent (collectively the "Asserted Patents") are invalid. Hill alleges in this lawsuit that it is the owner of the Asserted Patents, and further alleges Lowe's has infringed the Asserted Patents.

6.      The Asserted Patents are invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

a.       The subject matter claimed in the Asserted Patents is not a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof as required by 35 U.S.C. § 101.

b.       The subject matter claimed in the Asserted Patents was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(a).

c.       The subject matter claimed in the Asserted Patents was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent application and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(b).

d.       The subject matter claimed in the Asserted Patents would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was unpatentable pursuant to 35 U.S.C. § 103.

7.       The Asserted Patents are also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112, including but not limited to the written description requirement, best mode requirement and enabling disclosure requirement.  Further, the Asserted Patents are invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

**COUNT II:  NONINFRINGEMENT**

8.       This count is for a declaratory judgment that Lowe's does not infringe upon the Asserted Patents.

9.      Lowe's does not infringe, and at all times has not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Asserted Patents.

## RELIEF REQUESTED

WHEREFORE, Lowe's prays for judgment in its favor and against Hill providing that:

A.      the Complaint be dismissed in its entirety, with prejudice, and that Hill take nothing by its complaint;

B.      the Court find each and every claim of the patent-in-suit invalid;

C.      that Lowe's be declared not to have infringed, directly or indirectly, literally or by the doctrine of equivalents, any claim of the patent-in-suit;

D.      that Lowe's be awarded its costs of suit;

E.      that the instant action is an "exceptional case" under 35 U.S.C. § 285, and awarding Lowe's attorneys' fees and costs; and

F.      that Lowe's be awarded such other and further relief to which it may be entitled.

## JURY TRIAL DEMAND

Lowe's hereby demands a trial by jury as to all issues so triable herein.

Respectfully submitted,

**LOWE'S HOME CENTERS, INC.**

By:    /s/ Michael A. Oakes
Edward F. Fernandes
efernandes@hunton.com
CharlesHill-Lowes@hunton.com
Hunton & Williams, LLP
111 Congress Avenue, Suite 1800
Austin, TX  78701
Telephone: (512) 542-5000
Facsimile:  (512) 542-5049

Michael A. Oakes
moakes@hunton.com
Christopher M. First
cfirst@hunton.com
Hunton & Williams, LLP
2200 Pennsylvania Ave, NW
Washington, DC  20037
Telephone:  (202) 419-2172
Facsimile:  (202) 778-7459

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, INC.**

Dated: April 2, 2012

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 2, 2012, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.


   /s/  Michael A. Oakes_____