**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) |
| | ) |
|     *Plaintiff*, | ) CASE NO. 2:11-cv-00174-JRG |
| | ) |
|   *v*. | ) |
| | ) HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) |
| ABT ELECTRONICS, INC.; | ) |
| FOLLETT CORPORATION; | ) **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) |
| LOWE'S HOME CENTERS, INC.; | ) |
| MASON COMPANIES, INC.; | ) |
| NEIMAN MARCUS INC.; | ) |
| OFFICE DEPOT, INC.; | ) |
| RITZ INTERACTIVE, INC.; | ) |
| SCHOLASTIC CORPORATION; | ) |
| SONY CORPORATION OF AMERICA; | ) |
| STAPLES, INC.; and | ) |
| THE CHILDREN'S PLACE RETAIL | ) |
| STORES, INC., | ) |
| | ) |
|     *Defendants*. | ) |

**PLAINTIFF CHARLES E. HILL & ASSOCIATES, INC.'S ANSWER**
**TO DEFENDANT MASON COMPANIES, INC.'S COUNTERCLAIMS**

Plaintiff Charles E. Hill & Associates, Inc. ("Hill" or "Plaintiff") hereby answers the counterclaims of Defendant Mason Companies, Inc. ("Mason" or "Defendant") as set forth in Mason's Answer, Defenses, and Counterclaims to [Hill's] First Amended Complaint (ECF No. 176, Mar. 21, 2012) ("Answer and Counterclaims").

Because paragraphs 1–62 of Mason's Answer and Counterclaims (*id*. at 1–9) set forth alleged answers to Hill's claims against Mason, they require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations. In addition, the paragraph in Mason's Answer and Counterclaims entitled "Prayer for Relief" (*id.*

at 10) and each of Mason's alleged "Defenses to Plaintiff's Complaint" (*id.* at 10–11) require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations.

## I. ANSWER TO COUNTERCLAIMS

As set forth below, Hill answers Mason's counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of the paragraph(s) falling under each heading removed and replaced with Hill's answer(s) thereto.

Hill notes that Mason's counterclaims do not include a paragraph number 15; accordingly, Hill maintains the numbering system used by Mason and does not include a response corresponding to paragraph number 15.

All allegations in Mason's counterclaims not expressly admitted or denied, below, are hereby denied.

### [PARTIES]

1. Hill admits the allegations in paragraph 1.

2. Hill admits that it is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin St., Suite 205, Jefferson, Texas, 75657, and a mailing address of P.O. Box 1007, Jefferson, Texas, 75657-1007. Hill denies any remaining allegations in paragraph 2.

### [JURISDICTION AND VENUE]

3. Hill admits that Mason purports to bring "counterclaims for declaratory relief under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202." Hill denies any remaining allegations in paragraph 3.

4. Hill admits that "[t]his Court has jurisdiction over the subject matter of [Mason's] counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202," except that Hill denies the merit and validity of any of Mason's counterclaims for which subject matter jurisdiction may be had pursuant to those statutes. Hill denies any remaining allegations in paragraph 4.

5. Hill admits that "[v]enue is proper in this district for Mason's counterclaims pursuant to 28 U.S.C. § 1391(b), 1391(c) and 1400(b)," except that Hill denies the merit and validity of any of Mason's counterclaims over which venue may be had pursuant to those statutes. Hill denies any remaining allegations in paragraph 5.

6. Hill admits the allegations in paragraph 6.

**[COUNT I:  Declaratory Judgment of Noninfringement of U.S. Patent No. 5,528,490]**

7. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–6, above.

8. Hill denies the allegations in paragraph 8.

**[COUNT II:  Declaratory Judgment of Invalidity of U.S. Patent No. 5,528,490]**

9. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–8, above.

10. Hill denies the allegations in paragraph 10.

**[COUNT III:  Declaratory Judgment of Noninfringement of U.S. Patent No. 5,761,649]**

11. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–10, above.

12. Hill denies the allegations in paragraph 12.

**[COUNT IV:  Declaratory Judgment of Invalidity of U.S. Patent No. 5,761,649]**

13. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–12, above.

14. Hill denies the allegations in paragraph 14.

**[COUNT V:  Declaratory Judgment of Noninfringement of U.S. Patent No. 6,029,142]**

16. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–14, above.

17. Hill denies the allegations in paragraph 17.

**[COUNT VI:  Declaratory Judgment of Invalidity of U.S. Patent No. 6,029,142]**

18. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–17, above.

19. Hill denies the allegations in paragraph 19.

## II.   PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court deny, in all respects, Mason's counterclaims and other requests for relief; that Mason take nothing by way of its counterclaims and other requests for relief; that Mason's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of Hill and against Mason on all claims asserted by Hill; and that the Court enter a judgment:

A. Determining that U.S. Patent Nos. 5,528,490 (the "'490 Patent"), 5,761,649 (the "'649 Patent"), and 6,029,142 (the "'142 Patent") are valid, enforceable, and infringed by Mason;

B. Entering a permanent injunction against Mason enjoining Mason, Mason's directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with Mason, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, and the '142 Patent;

-5-

C. Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

D. Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

E. Awarding Hill pre-judgment and post-judgment interest as allowed by law;

F. Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

G. Awarding Hill such other and further relief as the Court deems just, equitable and proper.

### [JURY DEMAND]

In response to Mason's jury demand, Hill reiterates its jury demand as set forth in its First Amended Complaint for Patent Infringement (ECF No. 173, Mar. 14, 2012) and respectfully requests that all issues so triable be tried by and before a jury.

Dated:  April 6, 2012					Respectfully submitted,

/s/ Daniel M. Lechleiter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas  75606-3427
Telephone:  (903) 753-6760
Facsimile:  (903) 753-6761
E-mail: scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-mail: trevor.carter@faegrebd.com
          daniel.lechleiter@faegrebd.com
          andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill & Associates, Inc.*

### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 6, 2012.  Therefore, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service."  *See* Local Rule CV-5(a)(3)(A).

/s/ Daniel M. Lechleiter