IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | CASE NO. 2:11-cv-00174-JRG |
| | ) | |
| v. | ) | |
| | ) | HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) | |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CHARLES E. HILL & ASSOCIATES, INC.'S
ANSWER TO DEFENDANT STAPLES, INC.'S COUNTERCLAIMS**

Plaintiff Charles E. Hill & Associates, Inc. ("Hill" or "Plaintiff") hereby answers the counterclaims of Defendant Staples, Inc. ("Staples" or "Defendant") as set forth in Staples's Answer and Counterclaims (ECF No. 175, Mar. 20, 2012) ("Answer and Counterclaims").

Because paragraphs 1–75 of Staples's Answer and Counterclaims (*id.* at 1–10) set forth alleged answers and defenses to Hill's claims against Staples, they require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations.

## I.     ANSWER TO COUNTERCLAIMS

As set forth below, Hill answers Staples's counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of the paragraph(s) falling under each heading removed and replaced with Hill's answer(s) thereto.

Hill notes that Staples's Answer and Counterclaims repeats the use of paragraph number 2, the second instance of which properly should be paragraph number 3. Hill, therefore, responds to the second instance of paragraph number 2 in Staples's Answer and Counterclaims as though it were properly numbered as paragraph number 3, and, as such, each subsequent paragraph number in Staples's Answer and Counterclaims is similarly incremented up by one for purposes of Hill's answer thereto.

All allegations in Staples's counterclaims not expressly admitted or denied, below, are hereby denied.

### [COUNTERCLAIMS]

Hill admits that Staples purports to bring "a declaratory judgment action seeking a declaration of non-infringement and invalidity" of United States Patent Nos. 5,528,490 ("the '490 patent"), 5,761,649 ("the '649 patent"), 6,029,142 ("the '142 patent"), 7,908,173 ("the '173 patent"), and 7,908,176 ("the '176 patent") (collectively, "the Hill Patents"). Hill further admits that "copies of [the Hill Patents] are attached to [Hill's original Complaint for Patent Infringement (ECF No. 1, Mar. 15, 2011)] as Exhibits A through E, respectively." Hill denies any remaining allegations in this paragraph.

### [PARTIES]

1.     Hill admits the allegations in paragraph 1.

2.     Hill admits that it is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin St., Suite 205, Jefferson, Texas, 75657, and a mailing address of P.O. Box 1007, Jefferson, Texas, 75657-1007.  Hill denies any remaining allegations in paragraph 2.

### [JURISDICTION AND VENUE]

3.     Hill admits that Staples's alleged "[c]ounterclaims arise under the patent laws of the United States, Title 35, United States Code."  Hill admits that "[t]he jurisdiction of this Court is proper under . . . 35 U.S.C. § 271 . . . and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202," except that Hill denies the merit and validity of any of Staples's counterclaims for which subject matter jurisdiction may be had pursuant to those statutes.  Hill denies any remaining allegations in paragraph 3 (i.e., the second instance of paragraph number 2 in Staples's Answer and Counterclaims).

4.     Hill admits the allegations in paragraph 4 (i.e., paragraph number 3 in Staples's Answer and Counterclaims).

5.     Hill admits that venue is "proper in this District pursuant to . . . 28 U.S.C. § 1391," except that Hill denies the merit and validity of any of Staples's counterclaims over which venue may be had pursuant to that statute.  Hill denies any remaining allegations in paragraph 5 (i.e., paragraph number 4 in Staples's Answer and Counterclaims).

### [COUNT I:   DECLARATION OF NON-INFRINGEMENT]

6.     Hill admits the allegations in paragraph 6 (i.e., paragraph number 5 in Staples's Answer and Counterclaims), but affirmatively states that each of the Hill Patents is valid and infringed by Staples as set forth in Hill's First Amended Complaint for Patent Infringement (ECF No. 173, Mar. 14, 2012) ("First Amended Complaint").

7. Hill admits that Staples purports to seek declaratory relief "[p]ursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*" Hill denies that "Staples is entitled to . . . a declaration by the Court that it does not infringe any claim of the Hill Patents" and affirmatively states that each of the Hill Patents is valid and infringed by Staples as set forth in Hill's First Amended Complaint. Hill denies any remaining allegations in paragraph 7 (i.e., paragraph number 6 in Staples's Answer and Counterclaims).

### [COUNT II: DECLARATION OF INVALIDITY]

8. Hill admits the allegations in paragraph 8 (i.e., paragraph number 7 in Staples's Answer and Counterclaims), but affirmatively states that each of the Hill Patents is valid and infringed by Staples as set forth in Hill's First Amended Complaint.

9. Hill admits that Staples purports to seek declaratory relief "[p]ursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*" Hill denies that "Staples is entitled to . . . a declaration by the Court that the claims of the Hill Patents are invalid" and affirmatively states that each of the Hill Patents is valid and infringed by Staples as set forth in Hill's First Amended Complaint. Hill denies any remaining allegations in paragraph 9 (i.e., paragraph number 8 in Staples's Answer and Counterclaims).

### [DEMAND FOR JURY TRIAL]

In response to Staples's jury demand, Hill reiterates its jury demand as set forth in its First Amended Complaint and respectfully requests that all issues so triable be tried by and before a jury.

## II.   PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court deny, in all respects, Staples's counterclaims and other requests for relief; that Staples take nothing by way of its counterclaims and other requests for relief; that Staples's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of Hill and against Staples on all claims asserted by Hill; and that the Court enter a judgment:

A. Determining that the '490 Patent is valid, enforceable, and infringed by the '490 Defendants (*see* Hill's First Amended Complaint ¶ 28, at 8), including Staples;

B. Determining that the '649 Patent is valid, enforceable, and infringed by the '649 Defendants (*see id.* ¶ 35, at 10), including Staples;

C. Determining that the '142 Patent is valid, enforceable, and infringed by the '142 Defendants (*see id.* ¶ 42, at 11), including Staples;

D. Determining that the '173 Patent is valid, enforceable, and infringed by the '173 Defendants (*see id.* ¶ 49, at 12), including Staples;

E. Determining that the '176 Patent is valid, enforceable, and infringed by the '176 Defendants (*see id.* ¶ 56, at 14), including Staples;

F. Entering a permanent injunction against each of the '490 Defendants (*see id.* ¶ 28, at 8), the '649 Defendants (*see id.* ¶ 35, at 10), the '142 Defendants (*see id.* ¶ 42, at 11), the '173 Defendants (*see id.* ¶ 49, at 12), and the '176 Defendants (*see id.* ¶ 56, at 14), including Staples, enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with them, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products

and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent, and the '176 Patent;

G. Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

H. Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

I. Awarding Hill pre-judgment and post-judgment interest as allowed by law;

J. Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

K. Awarding Hill such other and further relief as the Court deems just, equitable and proper.

Dated: April 6, 2012

Respectfully submitted,

/s/ Daniel M. Lechleiter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas 75606-3427
Telephone: (903) 753-6760
Facsimile: (903) 753-6761
E-mail: scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: trevor.carter@faegrebd.com
daniel.lechleiter@faegrebd.com
andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill & Associates, Inc.*

## CERTIFICATE OF SERVICE

      Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 6, 2012. Therefore, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service." *See* Local Rule CV-5(a)(3)(A).

                                         /s/ Daniel M. Lechleiter

BDDB01 9183247v1