**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | CASE NO. 2:11-cv-00174-JRG |
| | ) | |
| v. | ) | |
| | ) | HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) | |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CHARLES E. HILL & ASSOCIATES, INC.'S ANSWER
TO DEFENDANT SONY CORPORATION OF AMERICA'S COUNTERCLAIMS**

Plaintiff Charles E. Hill & Associates, Inc. ("Hill" or "Plaintiff"), hereby answers the counterclaims of Defendant Sony Corporation of America ("Sony," "SCA," or "Defendant") as set forth in Sony's Answer and Counterclaims to Hill's First Amended Complaint (ECF No. 181, Mar. 27, 2012) ("Answer and Counterclaims").

Because paragraphs 1–62 of Sony's Answer and Counterclaims (*id.* at 2–32) set forth alleged answers to Hill's claims against Sony, they require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations. In addition, the paragraph in Sony's Answer and Counterclaims entitled "SCA's Response to

Hill's Prayer for Relief" (*id.* at 33) and each of Sony's alleged affirmative defenses (*id.* at 33–36) require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations.

## I. ANSWER TO COUNTERCLAIMS

As set forth below, Hill answers Sony's counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of the paragraph(s) falling under each heading removed and replaced with Hill's answer(s) thereto. All allegations in Sony's counterclaims not expressly admitted or denied, below, are hereby denied.

### [COUNTERCLAIMS]

Hill admits that Sony purports to bring counterclaims against Hill. Hill denies any remaining allegations in this paragraph.

### [NATURE OF THE ACTION]

1. Hill admits that Sony purports to bring "a complaint for a declaratory judgment of non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq." Hill denies any remaining allegations in paragraph 1.

### [THE PARTIES]

2. Hill admits the allegations in paragraph 2.

3. Hill admits that it is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin St., Suite 205, Jefferson, Texas, 75657, and a mailing address of P.O. Box 1007, Jefferson, Texas, 75657-1007. Hill denies any remaining allegations in paragraph 3.

**[JURISDICTION AND VENUE]**

4. Hill admits that "[t]his Court has subject matter jurisdiction over [Sony's] counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202," except that Hill denies the merit and validity of any of Sony's counterclaims for which subject matter jurisdiction may be had pursuant to those statutes. Hill denies any remaining allegations in paragraph 4.

5. Hill admits that "[v]enue in this Court is proper," except that Hill denies the merit and validity of any of Sony's counterclaims over which venue may be had in this Court. Hill denies any remaining allegations in paragraph 5.

**[COUNT 1**
Declaratory Judgment of Non-Infringement of the '490 Patent**]**

6. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–5, above.

7. Hill admits the allegations in paragraph 7, but affirmatively states that its current active claims against Sony and the other are set forth in Hill's First Amended Complaint for Patent Infringement (ECF No. 173, Mar. 14, 2012) ("First Amended Complaint").

8. Hill admits the allegations in paragraph 8, but affirmatively states that U.S. Patent No. 5,528,490 (the "'490 Patent") is valid and infringed by Sony as set forth in Hill's First Amended Complaint.

9. Hill denies the allegations in paragraph 9.

10. Hill denies the allegations in paragraph 10.

**[COUNT 2**
<u>Declaratory Judgment of Invalidity of the '490 Patent</u>**]**

11.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–10, above.

12.     Hill denies the allegations in paragraph 12.

13.     Hill denies the allegations in paragraph 13.

**[COUNT 3**
<u>Declaratory Judgment of Non-Infringement of the '649 Patent</u>**]**

14.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–13, above.

15.     Hill admits the allegations in paragraph 15, but affirmatively states that its current active claims against Sony are set forth in Hill's First Amended Complaint.

16.     Hill admits the allegations in paragraph 16, but affirmatively states that U.S. Patent No. 5,761,649 (the "'649 Patent") is valid and infringed by Sony as set forth in Hill's First Amended Complaint.

17.     Hill denies the allegations in paragraph 17.

18.     Hill denies the allegations in paragraph 18.

**[COUNT 4**
<u>Declaratory Judgment of Invalidity of the '649 Patent</u>**]**

19.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–18, above.

20.     Hill denies the allegations in paragraph 20.

21.     Hill denies the allegations in paragraph 21.

**[COUNT 5**
<u>Declaratory Judgment of Non-Infringement of the '142 Patent</u>**]**

22. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–21, above.

23. Hill admits the allegations in paragraph 23, but affirmatively states that its current active claims against Sony are set forth in Hill's First Amended Complaint.

24. Hill admits the allegations in paragraph 24, but affirmatively states that U.S. Patent No. 6,029,142 (the "'142 Patent") is valid and infringed by Sony as set forth in Hill's First Amended Complaint.

25. Hill denies the allegations in paragraph 25.

26. Hill denies the allegations in paragraph 26.

**[COUNT 6**
<u>Declaratory Judgment of Invalidity of the '142 Patent</u>**]**

27. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–26, above.

28. Hill denies the allegations in paragraph 28.

29. Hill denies the allegations in paragraph 29.

**[COUNT 7**
<u>Declaratory Judgment of Non-Infringement of the '173 Patent</u>**]**

30. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–29, above.

31. Hill admits the allegations in paragraph 31, but affirmatively states that its current active claims against Sony are set forth in Hill's First Amended Complaint.

32. Hill admits the allegations in paragraph 32, but affirmatively states that U.S. Patent No. 7,908,173 (the "'173 Patent") is valid and infringed by Sony as set forth in Hill's First Amended Complaint.

33. Hill denies the allegations in paragraph 33.

34. Hill denies the allegations in paragraph 34.

**[COUNT 8**
Declaratory Judgment of Invalidity of the '173 Patent**]**

35. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–34, above.

36. Hill denies the allegations in paragraph 36.

37. Hill denies the allegations in paragraph 37.

**[COUNT 9**
Declaratory Judgment of Non-Infringement of the '176 Patent**]**

38. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–37, above.

39. Hill admits the allegations in paragraph 39, but affirmatively states that its current active claims against Sony are set forth in Hill's First Amended Complaint.

40. Hill admits the allegations in paragraph 40, but affirmatively states that U.S. Patent No. 7,908,176 (the "'176 Patent") is valid and infringed by Sony as set forth in Hill's First Amended Complaint.

41. Hill denies the allegations in paragraph 41.

42. Hill denies the allegations in paragraph 42.

**[COUNT 10**
<u>Declaratory Judgment of Invalidity of the '176 Patent</u>**]**

43. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its responses and allegations set forth in paragraphs 1–42, above.

44. Hill denies the allegations in paragraph 44.

45. Hill denies the allegations in paragraph 45.

## II. PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court deny, in all respects, Sony's counterclaims and other requests for relief; that Sony take nothing by way of its counterclaims and other requests for relief; that Sony's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of Hill and against Sony on all claims asserted by Hill; and that the Court enter a judgment:

A. Determining that the '490 Patent is valid, enforceable, and infringed by the '490 Defendants (*see* Hill's First Amended Complaint ¶ 28, at 8), including Sony;

B. Determining that the '649 Patent is valid, enforceable, and infringed by the '649 Defendants (*see id.* ¶ 35, at 10), including Sony;

C. Determining that the '142 Patent is valid, enforceable, and infringed by the '142 Defendants (*see id.* ¶ 42, at 11), including Sony;

D. Determining that the '173 Patent is valid, enforceable, and infringed by the '173 Defendants (*see id.* ¶ 49, at 12), including Sony;

E. Determining that the '176 Patent is valid, enforceable, and infringed by the '176 Defendants (*see id.* ¶ 56, at 14), including Sony;

F. Entering a permanent injunction against each of the '490 Defendants (*see id.* ¶ 28, at 8), the '649 Defendants (*see id.* ¶ 35, at 10), the '142 Defendants (*see id.* ¶ 42,

-8-

at 11), the '173 Defendants (*see id.* ¶ 49, at 12), and the '176 Defendants (*see id.* ¶ 56, at 14), including Sony, enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with them, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent, and the '176 Patent;

G.   Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

H.   Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

I.   Awarding Hill pre-judgment and post-judgment interest as allowed by law;

J.   Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

K.   Awarding Hill such other and further relief as the Court deems just, equitable and proper.

at 11), the '173 Defendants (*see id.* ¶ 49, at 12), and the '176 Defendants (*see id.* ¶ 56, at 14), including Sony, enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with them, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent, and the '176 Patent;

G.   Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

H.   Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

I.   Awarding Hill pre-judgment and post-judgment interest as allowed by law;

J.   Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

K.   Awarding Hill such other and further relief as the Court deems just, equitable and proper.

Dated: April 13, 2012

Respectfully submitted,

/s/ Daniel M. Lechleiter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas  75606-3427
Telephone:  (903) 753-6760
Facsimile:   (903) 753-6761
E-mail: scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-mail: trevor.carter@faegrebd.com
         daniel.lechleiter@faegrebd.com
         andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill & Associates, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 13, 2012.  Therefore, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service."  *See* Local Rule CV-5(a)(3)(A).

/s/ Daniel M. Lechleiter