## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | CASE NO. 2:11-cv-00174-JRG |
| | ) | |
| *v.* | ) | |
| | ) | HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) | |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF CHARLES E. HILL & ASSOCIATES, INC.'S ANSWER TO DEFENDANT NEIMAN MARCUS, INC.'S COUNTERCLAIMS

Plaintiff Charles E. Hill & Associates, Inc. ("Hill" or "Plaintiff"), hereby answers the

counterclaims of Defendant Neiman Marcus, Inc. ("Neiman Marcus" or "Defendant") as set

forth in Neiman Marcus's Answer, Affirmative Defenses, and Counterclaims to Hill's First

Amended Complaint (ECF No. 179, Mar. 27, 2012) ("Answer and Counterclaims").

Because paragraphs 1–62 of Neiman Marcus's Answer and Counterclaims (*id.* at 1–9) set

forth alleged answers to Hill's claims against Neiman Marcus, they require no response from

Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies

those allegations.  In addition, the paragraph in Neiman Marcus's Answer and Counterclaims

entitled "V. Response to Plaintiff's Prayer for Relief" (*id.* at 9), each of Neiman Marcus's alleged affirmative defenses (*id.* at 9–12), and what is apparently a prayer for relief related to Neiman Marcus's alleged answers to Hill's claims against Neiman Marcus and/or Neiman Marcus's alleged affirmative defenses (*id.* at 12–13) require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations.

## I.    ANSWER TO COUNTERCLAIMS

As set forth below, Hill answers Neiman Marcus's counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of the paragraph(s) falling under each heading removed and replaced with Hill's answer(s) thereto.  All allegations in Neiman Marcus's counterclaims not expressly admitted or denied, below, are hereby denied.

### [COUNTERCLAIMS]

Hill admits that Neiman Marcus purports to bring counterclaims against Hill.  Hill denies any remaining allegations in this paragraph.

### [Nature of the Action]

1.      Hill admits that Neiman Marcus purports to bring counterclaims seeking "a judgment declaring that all claims of U.S. Patent Nos. 5,528,490 ("the '490 Patent"), 5,761,649 ("the '649 Patent"), and 6,029,142 ("the '142 Patent") are invalid and/or not infringed by Neiman Marcus," except that Hill denies the merit and validity of Neiman Marcus's allegations that the '490 Patent, the '649 Patent, and the '142 Patent are invalid and/or not infringed by Neiman Marcus.  Hill denies any remaining allegations in paragraph 1.

### [Jurisdiction and Venue]

2.      Hill admits that "[t]his Court has subject matter jurisdiction over these claims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* . . . and under the patent

BDDB01 9213485v1

laws of the United States, 35 U.S.C. § 1 *et seq.*," except that Hill denies the merit and validity of any of Neiman Marcus's counterclaims for which subject matter jurisdiction may be had pursuant to those statutes.  Hill admits that "[t]he cause of action for patent infringement arises under 35 U.S.C. § 271 and under the patent laws of the United States of America, Title 35, United States Code."  Hill admits that "[v]enue lies in this district under 28 U.S.C. §§ 1400(b) and 1391," except that Hill denies the merit and validity of any of Neiman Marcus's counterclaims over which venue may be had pursuant to those statutes.  Hill denies that this Court has subject matter jurisdiction "under 38 U.S.C. 1338(a)."  Hill denies any remaining allegations in paragraph 2.

### [The Parties]

3.      Hill admits the allegations in paragraph 3.

4.      Hill admits that it is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin St., Suite 205, Jefferson, Texas, 75657, and a mailing address of P.O. Box 1007, Jefferson, Texas, 75657-1007.  Hill denies any remaining allegations in paragraph 4.

### [Acts Giving Rise to the Counterclaims]

5.      Hill admits the allegations in paragraph 5, but affirmatively states that its current active claims against Neiman Marcus are set forth in Hill's First Amended Complaint for Patent Infringement (ECF No. 173, Mar. 14, 2012) ("First Amended Complaint").

6.      Hill admits the allegations in paragraph 6, but affirmatively states that U.S. Patent Nos. 5,528,490 (the "'490 Patent"), 5,761,649 (the "'649 Patent"), and 6,029,142 (the "'142 Patent") are valid and infringed by Neiman Marcus as set forth in Hill's First Amended Complaint.

7.      Hill denies the allegations in paragraph 7.

## [COUNTERCLAIM I

### Declaratory Judgment of Invalidity
### and Non-Infringement of U.S. Patent No. 5,528,490
### (28 U.S.C. §§ 2201 and 2202)]

8.      Hill hereby realleges and incorporates by reference, as if fully set forth herein, its

responses and allegations set forth in paragraphs 1–7, above.

9.      Hill denies the allegations in paragraph 9.

10.     Hill denies the allegations in paragraph 10.

11.     Hill denies the allegations in paragraph 11.

12.     Hill denies the allegations in paragraph 12.

## [COUNTERCLAIM II

### Declaratory Judgment of Invalidity
### and Non-Infringement of U.S. Patent No. 5,761,649
### (28 U.S.C. §§ 2201 and 2202)]

13.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its

responses and allegations set forth in paragraphs 1–12, above.

14.     Hill denies the allegations in paragraph 14.

15.     Hill denies the allegations in paragraph 15.

16.     Hill denies the allegations in paragraph 16.

17.     Hill denies the allegations in paragraph 17.

## [COUNTERCLAIM III

### Declaratory Judgment of Invalidity
### and Non-Infringement of U.S. Patent No. 6,029,142
### (28 U.S.C. §§ 2201 and 2202)]

18.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its

responses and allegations set forth in paragraphs 1–17, above.

19.     Hill denies the allegations in paragraph 19.

4

BDDB01 9213485v1

20.     Hill denies the allegations in paragraph 20.

21.     Hill denies the allegations of paragraph 21.

22.     Hill denies the allegations of paragraph 22.

## II.     PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court deny, in all respects, Neiman Marcus's counterclaims and other requests for relief; that Neiman Marcus take nothing by way of its counterclaims and other requests for relief; that Neiman Marcus's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of Hill and against Neiman Marcus on all claims asserted by Hill; and that the Court enter a judgment:

A.      Determining the '490 Patent, the '649 Patent, and the '142 Patent are valid, enforceable, and infringed by Neiman Marcus;

B.      Entering a permanent injunction against Neiman Marcus enjoining Neiman Marcus, Neiman Marcus's directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with Neiman Marcus, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, and the '142 Patent;

C.      Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

D.      Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

E.      Awarding Hill pre-judgment and post-judgment interest as allowed by law;

F.      Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

5

G.      Awarding Hill such other and further relief as the Court deems just, equitable and

proper.

Dated:  April 13, 2012                              Respectfully submitted,

/s/ Daniel M. Lechleiter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas  75606-3427
Telephone:  (903) 753-6760
Facsimile:   (903) 753-6761
E-mail:  scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-mail:  trevor.carter@faegrebd.com
        daniel.lechleiter@faegrebd.com
        andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill &*
*Associates, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 13, 2012.  Therefore, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service."  *See* Local Rule CV-5(a)(3)(A).

/s/ Daniel M. Lechleiter

6