**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | CASE NO. 2:11-cv-00174-JRG |
| | ) | |
| *v.* | ) | |
| | ) | HON. RODNEY GILSTRAP |
| 1-800 FLOWERS.COM, INC.; | ) | |
| ABT ELECTRONICS, INC.; | ) | |
| FOLLETT CORPORATION; | ) | **JURY DEMAND** |
| FOLLETT HIGHER EDUCATION GROUP; | ) | |
| LOWE'S HOME CENTERS, INC.; | ) | |
| MASON COMPANIES, INC.; | ) | |
| NEIMAN MARCUS INC.; | ) | |
| OFFICE DEPOT, INC.; | ) | |
| RITZ INTERACTIVE, INC.; | ) | |
| SCHOLASTIC CORPORATION; | ) | |
| SONY CORPORATION OF AMERICA; | ) | |
| STAPLES, INC.; and | ) | |
| THE CHILDREN'S PLACE RETAIL | ) | |
| STORES, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CHARLES E. HILL & ASSOCIATES, INC.'S ANSWER
TO DEFENDANT LOWE'S HOME CENTERS, INC.'S COUNTERCLAIMS**

Plaintiff Charles E. Hill & Associates, Inc. ("Hill" or "Plaintiff") hereby answers the counterclaims of Defendant Lowe's Home Centers, Inc. ("LHC" or "Defendant") as set forth in LHC's Answer, Separate Defenses and Counterclaims to Hill's First Amended Complaint (ECF No. 193, Apr. 2, 2012) ("Answer and Counterclaims").

Because paragraphs 1–62 of LHC's Answer and Counterclaims (*id.* at 1–13) set forth alleged answers to Hill's claims against LHC, they require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations. In addition, the paragraph in LHC's Answer and Counterclaims entitled "V. Response to Hill's

Prayer for Relief" (*id.* at 13) and each of LHC's alleged affirmative and other defenses set forth in paragraphs 63–75 on pages 13–15 of LHC's Answer and Counterclaims require no response from Hill; however, to the extent that any of those allegations require a response from Hill, Hill denies those allegations.

## I.   ANSWER TO COUNTERCLAIMS

As set forth below, Hill answers LHC's counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of the paragraph(s) falling under each heading removed and replaced with Hill's answer(s) thereto. All allegations in LHC's counterclaims not expressly admitted or denied, below, are hereby denied.

### [COUNTERCLAIMS]

1.  Hill admits that LHC purports to bring "[c]ounterclaims for declaratory judgment of patent invalidity and noninfringement" against Hill. Hill denies any remaining allegations in paragraph 1.

### [PARTIES]

2.  Hill admits the allegations in paragraph 2.

3.  Hill admits that it is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin St., Suite 205, Jefferson, Texas, 75657, and a mailing address of P.O. Box 1007, Jefferson, Texas, 75657-1007. Hill denies any remaining allegations in paragraph 3.

### [JURISDICTION AND VENUE]

4.  Hill admits that "[j]urisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 . . . and under 28 U.S.C. § 1338(a)," except that Hill denies the merit and validity of any of LHC's counterclaims for which subject matter jurisdiction may be had pursuant to those

statutes. Hill admits that "[v]enue is proper in this judicial district under 28 U.S.C. § 1391," but Hill denies the merit and validity of any of LHC's counterclaims over which venue may be had in this District. Hill denies any remaining allegations in paragraph 4.

### [COUNT I: PATENT INVALIDITY]

5. Hill admits that LHC purports to seek "a declaratory judgment" that U.S. Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); 6,029,142 ("the '142 Patent"); 7,908,173 ("the '173 Patent"); and 7,908,176 ("the '176 Patent") (collectively, the "Asserted Patents") are "invalid," but affirmatively states that the Asserted Patents are valid and infringed by LHC as set forth in Hill's First Amended Complaint for Patent Infringement (ECF No. 173, Mar. 14, 2012) ("First Amended Complaint"). Hill admits that it "alleges in this lawsuit that it is," and is in fact, "the owner of the Asserted Patents." Hill admits that it "alleges [LHC] has infringed the Asserted Patents." Hill denies any remaining allegations in paragraph 5.

6. Hill denies all allegations in paragraph 6 and each of its subparagraphs:

    (a) Hill denies the allegations in paragraph 6.a.

    (b) Hill denies the allegations in paragraph 6.b.

    (c) Hill denies the allegations in paragraph 6.c.

    (d) Hill denies the allegations in paragraph 6.d.

7. Hill denies the allegations in paragraph 7.

### [COUNT II: NONINFRINGEMENT]

8. Hill admits that LHC purports to seek "a declaratory judgment that [LHC] does not infringe upon the Asserted Patents," but affirmatively states that the Asserted Patents are valid and infringed by LHC as set forth in Hill's First Amended Complaint. Hill denies any remaining allegations in paragraph 8.

9. Hill denies the allegations in paragraph 9.

## II.     PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court deny, in all respects, LHC's counterclaims and other requests for relief; that LHC take nothing by way of its counterclaims and other requests for relief; that LHC's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of Hill and against LHC on all claims asserted by Hill; and that the Court enter a judgment:

    A.    Determining that the '490 Patent is valid, enforceable, and infringed by the '490 Defendants (*see* Hill's First Amended Complaint ¶ 28, at 8), including LHC;

    B.    Determining that the '649 Patent is valid, enforceable, and infringed by the '649 Defendants (*see id.* ¶ 35, at 10), including LHC;

    C.    Determining that the '142 Patent is valid, enforceable, and infringed by the '142 Defendants (*see id.* ¶ 42, at 11), including LHC;

    D.    Determining that the '173 Patent is valid, enforceable, and infringed by the '173 Defendants (*see id.* ¶ 49, at 12), including LHC;

    E.    Determining that the '176 Patent is valid, enforceable, and infringed by the '176 Defendants (*see id.* ¶ 56, at 14), including LHC;

    F.    Entering a permanent injunction against each of the '490 Defendants (*see id.* ¶ 28, at 8), the '649 Defendants (*see id.* ¶ 35, at 10), the '142 Defendants (*see id.* ¶ 42, at 11), the '173 Defendants (*see id.* ¶ 49, at 12), and the '176 Defendants (*see id.* ¶ 56, at 14), including LHC, enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with them, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products

and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, the '142 Patent, the '173 Patent, and the '176 Patent;

G. Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

H. Awarding Hill enhanced damages pursuant to 35 U.S.C. § 284;

I. Awarding Hill pre-judgment and post-judgment interest as allowed by law;

J. Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

K. Awarding Hill such other and further relief as the Court deems just, equitable and proper.

Dated: April 19, 2012

Respectfully submitted,

/s/ Daniel M. Lechleiter
Scott E. Stevens (Texas Bar No. 00792024)
**STEVENS | LOVE**
109 West Tyler St.
P.O. Box 3427
Longview, Texas  75606-3427
Telephone:  (903) 753-6760
Facsimile:   (903) 753-6761
E-mail:  scott@stevenslove.com

R. Trevor Carter
Daniel M. Lechleiter
Andrew M. McCoy (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-mail:  trevor.carter@faegrebd.com
         daniel.lechleiter@faegrebd.com
         andrew.mccoy@faegrebd.com

*Counsel for Plaintiff, Charles E. Hill & Associates, Inc.*

## **CERTIFICATE OF SERVICE**

      Pursuant to Fed. R. Civ. P. 5(a)(1), 5(b)(1), 5(b)(2)(E), and 5(d), and Local Rules CV-5(a)(2)(A), CV-5(c), and CV-5(d), the undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 19, 2012. Therefore, on the foregoing date, this document was served "on all counsel who are deemed to have consented to electronic service." *See* Local Rule CV-5(a)(3)(A).

                                      /s/ Daniel M. Lechleiter