IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES E. HILL & ASSOCIATES, INC.<br><br>   Plaintiff,<br><br>                    v.<br><br>(1)   1-800 FLOWERS.COM, INC.<br>(2)   ABT ELECTRONICS, INC.<br>(3)   FOLLETT CORPORATION<br>(4)   FOLLETT HIGHER EDUCATION GROUP<br>(5)   LOWE'S COMPANIES, INC.<br>(6)   MASON COMPANIES, INC.<br>(7)   NEIMAN MARCUS INC.<br>(8)   OFFICE DEPOT, INC.<br>(9)   RITZ INTERACTIVE, INC.<br>(10) SCHOLASTIC CORPORATION<br>(11) SONY CORPORATION OF AMERICA<br>(12) STAPLES, INC.<br>(13) THE CHILDREN'S PLACE, INC.,<br><br>   Defendants. | CASE NO. 2:11-cv-00174-JRG<br><br>JURY TRIAL DEMANDED |
| SONY CORPORATION OF AMERICA and SONY ELECTRONICS INC.,<br><br>   Third–Party Plaintiffs,<br><br>                    v.<br><br>ORACLE CORPORATION and ENDECA TECHNOLOGIES, INC.,<br><br>   Third–Party Defendants. | |

**SONY CORPORATION OF AMERICA AND SONY ELECTRONICS INC.'S
THIRD–PARTY COMPLAINT**

## NATURE OF THE ACTION

1. This is a complaint by Sony Corporation of America ("SCA") and Sony Electronics Inc. ("SEL") against Oracle Corporation ("Oracle") and Endeca Technologies, Inc. ("Endeca") pursuant to FED. R. CIV. P. 14 for breach of warranties and obligations to indemnify, defend, and hold harmless SCA and SEL for any and all claims by Charles E. Hill & Associates, Inc. ("Hill") of infringement of U.S. Patent No. 7,908,173 ("the '173 patent") and U.S. Patent No. 7,908,176 ("the '176 Patent") (collectively, "the Hill Asserted Comparison Patents") asserted, *inter alia*, in this Civil Action No. 2:11-cv-174.

## THE PARTIES

2. SCA is a New York corporation having a principal place of business at 550 Madison Avenue, 27th Floor, New York, New York 10022. SCA is a subsidiary of Sony Corporation. SCA is a holding company.

3. SEL is a Delaware corporation having a principal place of business at 16530 Via Esprillo San Diego, CA 92127. SEL is a subsidiary of Sony Corporation of America.

4. Upon information and belief, Oracle is a Delaware corporation having a principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Upon information and belief, Oracle has a substantial, continuous, and systematic presence in Texas at 6031 Connection Drive, Irving, Texas 75039, as well as an office in the District at 7460 Warren Parkway, Suite 300, Frisco, Texas 75034.

5. Upon information and belief, Endeca Technologies, Inc. ("Endeca") is a Delaware corporation having a principal place of business at 101 Main Street, Cambridge, Massachusetts 02142. Endeca is a subsidiary of Oracle.

6. On information and belief, Oracle's acquisition of Endeca was effective no later than December 5, 2011. As such, Oracle has subsumed all of Endeca, including its responsibilities and obligations as a contracting party and as a merchant of products and services.

## JURISDICTION AND VENUE

7. Hill brought this Civil Action No. 2:11-cv-174 against SCA, asserting liability for infringing, *inter alia*, the Hill Asserted Comparison Patents, which liability has been denied by SCA.

8. SCA and SEL's claims against Oracle/Endeca involve a common nucleus of operative facts or the same transaction and occurrence as the claims asserted by Hill against SCA. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1367.

9. Oracle is subject to this Court's personal jurisdiction because Oracle has established minimum contacts with the forum. Specifically, Oracle has and continues to make, use, sell, and/or import technology in products and services that are accused by Hill of infringing the Hill Asserted Comparison Patents, at least because those products and services are present and in use by SEL via a website accessible via the Internet, which parent corporation, SCA, has been accused of infringement by Hill in this action. Accordingly, there are products and services accessible via the Internet from Texas, including this Judicial District, which contains such products and services of Oracle. The exercise of jurisdiction over Oracle in this District would not offend traditional notions of fair play and substantial justice.

10. Oracle is subject to this Court's personal jurisdiction under FED. R. CIV. PROC. 4(k)(1)(A) because Oracle is subject to the general personal jurisdiction of Texas; Oracle's ties with the State of Texas and with the forum are continuous and systematic.

11. Endeca is subject to this Court's personal jurisdiction because Endeca has established minimum contacts with the forum. Specifically, Endeca has and continues to make, use, sell, and/or import technology in products and services that are accused by Hill of infringing the Hill Asserted Comparison Patents, at least because those products and services are present and in use by SEL via a website accessible via the Internet, which parent corporation, SCA has been accused of infringement by Hill in this action. Accordingly, there are products and services accessible via the Internet from Texas, including this Judicial District, which contains such products and services of Endeca. The exercise of jurisdiction over Endeca in this District would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this District under 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

13. SEL entered into an agreement ("the License Agreement") with Endeca, granting SEL rights to use Endeca's software ("the Endeca Software").

14. Hill filed its Complaint for Patent Infringement on March 15, 2011 alleging infringement of the '173 and '176 patents and naming SCA as one of thirteen defendants in the suit. Hill filed its First Amended Complaint for Patent Infringement on March 14, 2012 ("Amended Complaint"), maintaining its allegations of infringement against SCA for infringement of the '173 and '176 patents.

15. In paragraph 49 of the Amended Complaint, Hill alleges that SCA is "infringing the '173 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '173 Patent."

16. In paragraph 51 of the Amended Complaint, Hill alleges that SCA is "actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '173 Patent by others, including, but not limited to, the '173 Defendants' respective agents, contractors, and actual and prospective customers who access the '173 Defendants' respective electronic catalogs."

17. In paragraph 56 of the Amended Complaint, Hill alleges that SCA is "infringing the '176 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '176 Patent."

18. In paragraph 58 of the Amended Complaint, Hill alleges that SCA is "actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '176 Patent by others, including, but not limited to, the '176 Defendants' respective agents, contractors, and actual and prospective customers who access the '176 Defendants' respective electronic catalogs."

19. Hill identified SEL websites in its "Disclosure of Asserted Claims and Infringement Contentions" provided December 21, 2011.

20. On information and belief, the websites identified by Hill use the Endeca Software to provide the functionality accused by Hill of infringing the '173 and '176 patents.

21. In the License Agreement, Endeca promises and agrees to indemnify, defend and hold harmless SEL from and against any and all claims that the Endeca Software infringes on the patents of any third party.

22. SEL has complied in all respects with any obligations of SEL under the License Agreement.

23. SEL uses the Endeca Software as intended by SEL and Endeca.

24. On May 25, 2011, SEL Associate General Counsel sent a letter to counsel for Endeca stating SEL's expectations of Endeca's indemnification obligations under the License Agreement.

25. On July 11, 2011, through its counsel, Endeca erroneously denied an obligation to indemnify SEL.

26. On August 17, 2011, counsel for SEL sent a second letter to counsel for Endeca, reasserting SEL's expectations of Endeca's indemnification obligations under the License Agreement and addressing Endeca's faulty conclusions under the License Agreement.

27. Having received no further response, on December 1, 2011, counsel for SEL sent a third letter to counsel for Endeca reasserting SEL's expectations of Endeca's indemnification obligations under the License Agreement.

28. On information and belief, Oracle acquired Endeca by December 5, 2011, thereby subsuming Endeca's obligations to SEL under the License Agreement.

29. On December 30, 2011, counsel for SEL sent a fourth letter to counsel for Endeca, copying counsel for Oracle, stating SEL's expectations of Endeca's indemnification obligations under the License Agreement.

30. On January 26, 2012, counsel for SEL sent a letter to counsel for Oracle, copying counsel for Endeca, stating SEL's expectations of Oracle's indemnification obligations under the License Agreement.

31. On March 7, 2012, through its counsel, Oracle erroneously denied an obligation to indemnify SEL.

32. On March 30, 2012, counsel for SEL sent another letter to counsel for Oracle, reasserting SEL's expectations of Oracle's indemnification obligations under the License Agreement and addressing Oracle's faulty conclusions under the License Agreement.

33. Neither Oracle nor Endeca has provided assurance that it will meet its indemnification obligations and has not met such obligations to date.

34. Neither Oracle nor Endeca has defended or indemnified SEL or SCA in this action and has not paid any costs or expenses in association with the defense of Hill's claims to date.

35. Any and all damages recoverable or recovered by Hill, and any and all costs and expenses, including attorneys' fees and expenses, paid or incurred by SCA and SEL for their defense of this action relating to Hill's claims that involve the Endeca Software, are encompassed by the Indemnity.

## COUNT 1 - BREACH OF EXPRESS WARRANTY OF INDEMNITY

36. SCA and SEL hereby incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1–35, supra.

37. Oracle/Endeca sells and has sold products and services, which are now accused by Hill of infringing the Accused Comparison Patents, to SEL, a wholly owned subsidiary of SCA.

38. At all relevant times, Oracle/Endeca, is and has been obligated to indemnify, defend, and hold harmless SCA and SEL, from and against all claims patent infringement.

39. While SCA has denied and does deny that it infringes any claim of the Asserted Comparison Patents, and while SCA has alleged and does allege, *inter alia*, that claims of the Asserted Comparison Patents are invalid and unenforceable, and while SCA has denied and does deny any liability to Hill, Oracle/Endeca has breached its obligation to indemnify, defend, and hold harmless SCA and SEL from and against the claims of patent infringement by Hill in this action and is liable for that breach to SCA and SEL.

## COUNT 2 -  BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT

40. SCA and SEL hereby incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1–39, supra.

41. Oracle/Endeca sells and has sold products and services, which are now accused by Hill of infringing the Accused Comparison Patents, to SEL, a wholly owned subsidiary of SCA.

42. Oracle/Endeca is a merchant regularly dealing in products and services of the kind of products and services accused by Hill of infringing the Accused Comparison Patents.

43. Oracle/Endeca warranted that the products and services delivered to SEL, a wholly owned subsidiary of SCA, would be free of any rightful claim of any third person by way of infringement or the like.

44. While SCA has denied and does deny that it infringes any claim of the Asserted Comparison Patents, and while SCA has alleged and does allege, *inter alia*, that claims of the Asserted Comparison Patents are invalid and unenforceable, and while SCA has

denied and does deny any liability to Hill, to the extent Oracle/Endeca is not liable for breach of its express warranty of indemnity to indemnify, defend, and hold harmless SCA and SEL from and against the claims of patent infringement of the Asserted Comparison Patents by Hill in this action, Oracle/Endeca has breached its warranty of title and against infringement for the products and services sold by Oracle/Endeca to SEL, , a wholly owned subsidiary of SCA, and is liable for that breach to SCA and SEL.

### COUNT 3 - BREACH OF CONTRACT

45. SCA and SEL hereby incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1–44, supra.

46. By the terms of the License Agreement, Oracle/Endeca expressly represented and warranted to SEL, a wholly owned subsidiary of SCA, that the Endeca Software could be used free from any third-party claim of infringement.

47. While SCA has denied and does deny that it infringes any claim of the Asserted Comparison Patents, and while SCA has alleged and does allege, *inter alia*, that claims of the Asserted Comparison Patents are invalid and unenforceable, and while SCA has denied and does deny any liability to Hill, to the extent Oracle/Endeca is not liable for breach of its express warranty of indemnity to indemnify, defend, and hold harmless SCA and SEL from and against the claims of patent infringement of the Asserted Comparison Patents by Hill in this action, Oracle/Endeca has breached the License Agreement for the products and services subject to a third-party claim of infringement sold by Oracle/Endeca to SEL, a wholly owned subsidiary of SCA, and is liable for that breach to SCA and SEL.

**DEMAND FOR JURY TRIAL**

48. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, SCA and SEL demand a trial by jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiffs Sony Corporation of America (SCA) and Sony Electronics Inc. (SEL) pray for a final judgment against Oracle Corporation and Endeca Technologies, Inc. (collectively "Oracle/Endeca") and respectfully request the following relief:

A. A judgment that Oracle/Endeca is liable to SCA and SEL to indemnify, defend, and hold harmless SCA and SEL from and against any claims or demands of Hill arising from infringement of the '173 or '176 Patents;

B. A judgment that Oracle/Endeca has breached its warranty of title and non-infringement for the Oracle/Endeca accused products and services sold by Oracle/Endeca to SEL, a wholly owned subsidiary of SCA, and is liable for that breach to SCA and SEL;

C. A judgment that Oracle/Endeca has breached the License Agreement for the Oracle/Endeca accused products and services accused of infringement sold by Oracle/Endeca to SEL, a wholly owned subsidiary of SCA, and is liable for that breach to SCA and SEL;

D. A judgment under 35 U.S.C. § 285 awarding SCA and SEL their costs and reasonable attorney's fees expended in defending and maintaining this action;

E. A judgment awarding SCA and SEL their costs and reasonable attorney's fees expended in bringing and prosecuting this third-party action;

F.     An order awarding SCA and SEL all sums that may be adjudicated against SCA and SEL in favor of Hill in the action for patent infringement, including without limitation, any interest thereon as well as fees, costs, or any other sum; and

G.     A judgment awarding SCA and SEL such other and further relief as this Court may deem just and proper.

Respectfully submitted this 15th day of May, 2012

By:   /s/Lionel M. Lavenue
Lionel M. Lavenue - *Lead Counsel*
Virginia Bar No. 49005
lionel.lavenue@finnegan.com
Troy L. Gwartney
Virginia Bar No. 78540
troy.gwartney@finnegan.com
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20105
(571) 203-2700 (telephone)
(202) 408-4400 (facsimile)

*Counsel for Third-Party Complainants*
*Sony Corporation of America* and
*Sony Electronics Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on May 15, 2012, SONY CORPORATION OF AMERICA AND SONY ELECTRONICS INC.'S THIRD–PARTY COMPLAINT was served upon counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class U.S. mail or other means in accordance with Local Rule CF-5(d) on this same date.  Service of this complaint has not yet been executed on either of the third-party defendants.

                                                  /s/Troy L. Gwartney  
                                                TROY L. GWARTNEY